**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Charles SALLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 27, 2008.
Filed Sept. 10, 2008.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: LALLY–GREEN, SHOGAN and HUDOCK, JJ.

OPINION BY SHOGAN, J.:

¶ 1 Appellant, Charles Salley, appeals from the judgment of sentence entered on August 17, 2007, purporting to resentence Appellant. For the following reasons, we vacate and remand.

¶ 2 The trial court stated the factual and procedural history as follows:

On September 5, 2006, Defendant Charles Salley (hereinafter "Salley") was tried before this Court without a jury and found guilty on the charges of Carrying a Firearm without a License (18 PA.C.S. § 6106(a)(1), a felony of the third degree) (hereinafter "VUFA § 6106"), Carrying a Firearm on a Public Street or Place (18 PA.C.S. § 6108, a misdemeanor of the first degree) (hereinafter "VUFA § 6108"), Persons Not to Carry Firearms (18 PA.C.S. § 6105, a felony of the second degree) (hereinafter "VUFA § 6105"), Terroristic Threats (18 PA.C.S. § 2706), and Theft by Unlawful Taking (18 PA.C.S. § 3921).

On October 4, 2006, this Court sentenced Salley to two and one half (2½) to five (5) years incarceration for the VUFA § 6106 offense, followed by five (5) years probation for the VUFA § 6105 offense, with no further penalty on the other charges adjudicated guilty.

On October 20, 2006, Salley timely appealed from this Court's October 4, 2006 judgment of sentence. In that appeal, docketed at 3113 EDA 2006, Salley claimed that the evidence was insufficient to support his VUFA §§ 6105, 6108, and 6106 convictions.

On August 3, 2007, the Superior Court of Pennsylvania filed an Opinion regarding Salley's 3113 EDA 2006 appeal, therein finding sufficient evidence to convict Salley of VUFA §§ 6105 and 6108 beyond a reasonable doubt, and further finding insufficient evidence as to Salley's VUFA § 6106 conviction. On that same date, the Superior Court entered an Order, which reversed this Court's judgment of sentence on Salley's VUFA § 6106 conviction, vacated the entire judgment of sentence, and remanded the matter to this Court for resentencing on Salley's remaining convictions.

On August 17, 2007, this Court resentenced Salley to two and one half (2½) to five (5) years for the VUFA § 6105 of-

fense, followed by five (5) years probation for the VUFA § 6108 offense, with no further penalty on the other charges adjudicated guilty.

On September 13, 2007, Salley timely filed [a] Notice of Appeal from this Court's August 17, 2007 judgment of sentence, which was docketed at 2305 EDA 2007.

On September 17, 2007, pursuant to PA. R.A.P.1925(b), this Court Ordered Salley to file a Concise Statement of [Errors] Complained of on Appeal (hereinafter "1925(b) Statement") within twenty-one days of the date of the Order.

On October 4, 2007, Salley timely filed his 1925(b) Statement . . .

Trial Court Opinion, 11/13/07, at 1–2.

¶ 3 Appellant raises the following issue on appeal:

Did not the trial court lack jurisdiction to re-sentence appellant [ ] where proper jurisdiction still rested with the Superior Court, where the certified record was still properly before the Superior Court, and where the trial court's actions violated appellant's statutory right to seek an Allowance of Appeal?

Appellant's Brief at 3.

¶ 4 Appellant claims that, on August 17, 2007, the trial court lacked jurisdiction to resentence him. Appellant contends that his appellate rights were violated because, pursuant to Pa.R.A.P. 2572, the Superior Court should have retained jurisdiction until the thirty (30)-day time period for filing a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania had expired.

■ ¶ 5 The issue before us for review centers on the question of subject matter jurisdiction. As the question of jurisdiction is purely one of law, our standard of review is *de novo*, and our scope of review

is plenary. *Commonwealth v. D.S.*, 903 A.2d 582, 584 (Pa.Super.2006).

¶ 6 Our decision in this case is guided by the Pennsylvania Rules of Appellate Procedure. Rule 2572 addresses the time for remand of a record from the appellate court and provides, in pertinent part:

**(a) General rule.** Unless otherwise ordered:

(1) The record shall be remanded to the court or other tribunal from which it was certified at the expiration of 30 days after the entry of the judgment or other final order of the appellate court possessed of the record.

(2) The pendency of an application for reargument, or of any other application affecting the order, or the pendency of a petition for allowance of appeal from the order, shall stay the remand of the record until the disposition thereof, and until after 30 days after the entry of a final order in the appellate court possessed of the record.

\* \* \*

**(e) Docket entry of remand.** The prothonotary of the appellate court shall note on the docket the date on which the record is remanded and give written notice to all parties of the date of remand.

Pa.R.A.P. 2572(a), (e).

¶ 7 Regarding Rule 2572(a)(1), we have stated:

The plain language of Rule 2572(a)(1), as it currently exists, does nothing more than set a minimum as to when the record may be remanded. Quite simply, the prothonotary may remand the record any time after thirty days have passed from the Superior Court's judgment. The comment to Rule 2572(a)

reveals that the purpose of the rule is judicial efficiency. Parties have thirty days to file a petition for allowance of appeal from a Superior Court decision with the Prothonotary of the Supreme Court. Pa.R.App.P. 1113. Accordingly, Rule 2572(a)(1) merely insures that the Superior Court Prothonotary does not unnecessarily remand a record to the trial court when the losing party appeals the decision to the Supreme Court. The rule was not enacted to force the Prothonotary of the Superior Court to remand the record on the thirty-first day. *Commonwealth v. Sisneros,* 692 A.2d 1105, 1109 (Pa.Super.1997), *appeal denied,* 548 Pa. 647, 695 A.2d 785 (1997).

■ ¶ 8 Rule 2591 instructs a trial court on how to proceed in complying with a judgment or order entered by an appellate court. Rule 2591 provides, in pertinent part:

(a) **General Rule.** On remand of the record the court or other government unit below shall proceed in accordance with the judgment or other order of the appellate court and, except as otherwise provided in such order, Rule 1701(a) (effect of appeals generally) shall no longer be applicable to the matter.

Pa.R.A.P. 2591(a). Rule 2591, thus, authorizes a trial court to proceed with the directives of the appellate court **after** remand of the record. *See Bell v. Kater,* 839 A.2d 356, 358 (Pa.Super.2003), *appeal denied,* 579 Pa. 709, 858 A.2d 108 (2004) (grant of appeal *nunc pro tunc* was a nullity because it was entered at a time when the trial court did not have jurisdiction—*i.e.,* the order was entered after appellant filed her first notice of appeal with this Court and before the record was re-

manded to the trial court pursuant to Pa. R.A.P. 2591(a)). *See also Commonwealth v. Bond,* 350 Pa.Super. 341, 504 A.2d 869, 879 (1986) (Per Spaeth, PJ, in concurring opinion, trial court is not revested with jurisdiction until record is received on remand).

¶ 9 The trial court, in this case, addressed the issue of jurisdiction as follows:

Salley first claims that, on August 17, 2007, this Court lacked jurisdiction to sentence him. Salley contends that his appellate rights were violated, asserting that pursuant to PA. R.A.P. 2572, the Superior Court should have retained jurisdiction until the thirty (30) day time period for filing a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania expired. This Court disagrees and finds that its jurisdiction was proper.

PA. R.A.P. 1701 governs trial court jurisdiction during appeal, providing in part:

*Except as otherwise prescribed by these rules,* after an appeal is taken ... the trial court ... may no longer proceed further in the matter.

\* \* \*

After an appeal is taken, the trial court ... *may:* ... [t]ake any action directed or authorized on application by the appellate court. [ ] PA. R.A.P. 1701(a), (b)(5) (emphasis added).

PA. R.A.P. 2521(a) sets forth the procedure for determining the date for entries of judgment and other such orders, providing in pertinent part:

Subject to the provisions of RULE 108[1] (date of entry of orders), the

---

1. PA. R.A.P. 108(a) sets forth the general rule for determination of the date of entry of orders, providing in part:

"the day of entry shall be the day the clerk of court ... mails or delivers copies of the order to the parties." Pa. R.A.P. 108(a).

notation of a judgment or other order of an appellate court in the docket constitutes entry of the judgment or other order. PA. R.A.P. 2521(a).

On August 3, 2007, the Superior Court filed its Opinion regarding Salley's 3113 EDA 2006 appeal and entered an Order. On that same date and in relation to this matter, the Prothonotary of the Superior Court entered an Order, which stated:

"Judgment of sentence vacated. The matter is remanded for resentencing consistent with this memorandum. *Jurisdiction relinquished.*" DOCKET No. 3113 EDA 2006 (August 3, 2007 entry) (emphasis added).

The language of the Superior Court's August 3, 2007 Order plainly states the Superior Court's relinquishment of jurisdiction and its remand of the matter to this Court. Under PA. R.A.P. 2521(a), the Superior Court's August 3, 2007 Order became effective as of the date of its entry on the docket, *i.e.* August 3, 2007. Thus, under PA. R.A.P. 1701(b)(5), as of August 3, 2007, it was appropriate for this Court to comply with the Superior Court's Order by resentencing Salley on the VUFA §§ 6105 and 6108 charges.

In arguing against this Court's jurisdiction, Salley cites PA. R.A.P. 2572, which sets forth the timing for remand of the record . . .

Clearly, the plain language of Pa. R.A.P. 2572(a) does not dictate the transfer of jurisdiction, but rather sets forth a modifiable default rule for the timing of the Superior Court's remand of the record. Thus, Salley's claim must fail.

Furthermore, prior to its August 17, 2007 imposition of sentence, this Court inquired as to whether a petition for allowance of appeal would be filed in this matter. *See* N.T. SENTENCING (8/17/2007) at 8. At that time, the Assistant District Attorney represented that the Commonwealth had elected not to pursue *allocatur* to the Supreme Court of Pennsylvania. *Id.* Furthermore, Salley's counsel had no objection to proceeding with the resentencing at that time. *Id.* This Court did not deem Salley's matter ripe for resentencing until after this inquiry. *Id.*

Because the Superior Court relinquished jurisdiction when it remanded Salley's matter for resentencing on August 3, 2007, and because review of this Court's August 17, 2007 inquiry reveals that there were no objections to proceeding with Salley's resentencing at that time, this Court properly had jurisdiction on August 17, 2007.

Trial Court Opinion, 11/13/07, at 5–7. While well-reasoned, we must disagree with the ultimate determination of the trial court that it had jurisdiction to resentence Appellant on August 17, 2007.

¶ 10 The issue of jurisdiction of the trial court was recently addressed by a panel of this Court in *Stanton v. Lackawanna Energy, Ltd.*, 915 A.2d 668 (Pa.Super.2007). In *Stanton*, Appellants/parents sued, *inter alia*, a power company in the Lackawanna County Court of Common Pleas to recover for injuries suffered by their child on an easement held by the power company. The trial court initially denied the power company's summary judgment motion. On appeal, our Court reversed and remanded for the entry of summary judgment. Five days after our Court's opinion was filed, the trial court entered an order granting summary judgment for the power company. When the trial court entered that order, our Court had not remanded the record to the trial court nor could it have under Pa.R.A.P. 2572(a). Fifteen days after our Court's opinion was filed and ten days after the trial court entered its order granting summary judgment for

the power company, the parents filed a petition for allowance of appeal to the Supreme Court, which stayed the remand of the record to the trial court. Once the Supreme Court granted the petition, our Court transmitted the record to the Supreme Court.

¶ 11 On a subsequent appeal to our Court in this procedurally complicated case, the parents in *Stanton* challenged the trial court's jurisdiction to enter the original order granting summary judgment. We deemed the trial court order a "legal nullity" because the order was entered before the record on appeal was remanded to the trial court. We specifically noted that: (1) as of the date of the trial court's order granting summary judgment, the record had not yet been remanded to the trial court, and (2) the parents had filed a petition for allowance of appeal with the Supreme Court, thereby staying any remand to the trial court until the Supreme Court decided the petition. Accordingly, the trial court lacked jurisdiction to enter the order. We specifically concluded that no Pa.R.A.P. 1701(b) exception gave the trial court jurisdiction before the record's return, so its order was void and there was nothing for the parents to appeal. *See also Commonwealth v. Bishop*, 829 A.2d 1170, 1173 (Pa.Super.2003) (concluding that trial court lacked jurisdiction to convene a bail hearing and consider the merits of petition seeking bail where record had not yet been remanded from appellate court).

 ¶ 12 Here, the record reflects that on August 17, 2007, 14 days after this Court issued a decision to remand for resentencing, the trial court held a brief sentencing hearing via audio-visual teleconference. N.T., 8/17/07, at 3. The trial court then reimposed upon Appellant a sentence of incarceration of 2½ to 5 years, followed by five years probation. *Id.* at 9.

At the time of the resentencing hearing, the record had not been remanded to the trial court. In summary, the trial court had entered its judgment of sentence before it received the record. Accordingly, the trial court lacked jurisdiction on August 17, 2007. The fact that Appellant's counsel failed to object at the time of resentencing is of no moment. *See In re Melograne*, 571 Pa. 490, 494–495, 812 A.2d 1164, 1166–1167 (2002) (issues of subject matter jurisdiction cannot be waived). The judgment of sentence entered by the trial court on that date constituted a legal nullity. We, thus, vacate the judgment of sentence imposed and again remand for resentencing, subsequent to remand of the record.

¶ 13 Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.