J.S29033/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK GRABOWSKI, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1591 WDA 2015 |

Appeal from the Judgment of Sentence January 9, 2014
in the Court of Common Pleas of Erie County Criminal Division
at No(s): CP-25-CR-0000081-2011

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED APRIL 12, 2016**

Appellant, Mark Grabowski, appeals, *nunc pro tunc*, from the judgment of sentence entered in the Erie County Court of Common Pleas resentencing him to five to ten years' imprisonment for robbery[1] and one year of probation for simple assault.[2] The probationary sentence for simple assault was concurrent to the sentence imposed for robbery. Appellant claims that the court erred in failing to comply with the remand order of this Court as to the resentencing. We affirm.

We adopt the procedural history set forth in the trial court's opinion. **See** Trial Ct. Op., 11/13/15, at 1-5. Appellant raises the following issue for

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 2701(a)(3).

our review:  "Whether the lower [c]ourt committed legal error and abused its discretion in failing to comply with the remand order of the Superior Court of Pennsylvania as to resentencing of [A]ppellant?"[3]

In the appeal from the judgment of sentence entered on November 7, 2011, this Court found that there was insufficient evidence to sustain Appellant's conviction for Recklessly Endangering Another Person ("REAP").[4] *Commonwealth v. Grabowski*, 141 WDA 2013 (unpublished memorandum at 5) (Pa. Super. Nov. 15, 2013).  This Court opined:

> We note that Appellant received a sentence of one years' probation at the count of [REAP].  This sentence was to be

---

[3] As a prefatory matter, we consider whether Appellant has waived this issue on appeal.  We note that Appellant cites no law in support of his claim of trial court error.  We reproduce the argument section of the brief verbatim:

> A. The lower court failed to comply with remand order as to resentencing.
>
> The lower [c]ourt committed legal error and abused its discretion as to the resentencing imposed on January 9, 2014 in that the [c]ourt failed to wholly comply with the dictates of the remand order issued by the Superior Court of Pennsylvania on January 6, 2014 and otherwise failed to duly correct or modify the original sentencing order of November 7, 2011.

Appellant's Brief at 6.  In *Commonwealth v. Johnson*, 985 A.2d 915 (Pa. 2009), the Pennsylvania Supreme Court held "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."  *Id.* at 924 (citations omitted).  Therefore, we could find the issue waived.  *See id.*  Assuming that the issue is not waived, we will address it.

[4] 18 Pa.C.S. § 2705.

> served consecutively to both his term of incarceration, and an additional one-year term of probation. Because our disposition reduces the aggregate term of Appellant's sentence, we conclude that it upsets the trial court's overall sentencing scheme. **Commonwealth v. Thur**, 906 A.2d 552, 569 (Pa. Super. 2006). Accordingly, we remand this case for resentencing at the remaining two counts.

*Id.* at 5-6. "It is axiomatic that the court below, on remand, must comply strictly with the mandate of the higher court." **Commonwealth v. Williams**, 877 A.2d 471, 475 (Pa. Super. 2005).

On January 9, 2014, the court resentenced Appellant to five to ten years' imprisonment for robbery and a concurrent term of one year of probation for simple assault. Pa.R.A.P. 2591(a) "authorizes a trial court to proceed with the directives of the appellate court after remand of the record." **Commonwealth v. Salley**, 957 A.2d 320, 323 (Pa. Super. 2008) (emphasis omitted).[5] The trial court opined: "Appellant, in his own Notice of appeal/Motion for reconsideration *Nunc Pro Tunc* filed November 20, 2014 . . . acknowledged the trial court corrected the November 7, 2011 sentence in compliance with the remand order." Trial Ct. Op. at 7. We agree no relief is due.

Appellant's Notice of Appeal/Motion for Reconsideration *Nunc Pro Tunc* belies his claim that the court failed to comply with the remand order.

---

[5] We note that the record was returned from the Superior Court to the trial court on January 6, 2014.

- 3 -

Appellant averred: "On January 9, 2014, the Honorable Brabender corrected the November 7, 2011, sentence **in compliance with the Superior Court's order**, Keith H. Clelland, Esq., represented [Appellant]." Notice of Appeal/Motion for Reconsideration *Nunc Pro Tunc*, 11/20/14, at 1 ¶ 2 (emphasis added).[6]

The trial court complied with this Court's directive on remand. *See* ***Williams***, 877 A.2d 471, 475. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2016

---

[6] We reiterate this motion "was in the nature of a timely, first petition filed under the PCRA [Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546], as it raised an issue cognizable under the PCRA, and was filed within one year after [Appellant's] judgment of sentence became final." ***Commonwealth v. Grabowski***, 2067 WDA 2014 (unpublished memorandum at 4) (Pa. Super. June 3, 2015) (footnote omitted). Counsel was appointed to represent Appellant and filed a Supplement to Motion for Post Conviction Collateral Relief. Appellant requested "post-conviction collateral relief in the nature of the reinstatement of his right to appeal *nunc pro tunc* from the January 9, 2014 resentencing order." Supplement to Mot. for Post Conviction Collateral Relief, 9/8/15, at 4. Appellant's right to appeal *nunc pro tunc* from the resentencing order of January 9, 2014 was granted. *See* Order, 9/11/15. The instant timely appeal followed.

COMMONWEALTH OF PENNSYLVANIA    :   IN THE COURT OF COMMON PLEAS
                                      :   OF ERIE COUNTY, PENNSYLVANIA
                                      :

            v.                    :   CRIMINAL DIVISION
                                      :

MARK GRABOWSKI                :   NO. 81 of 2011
                                      :

## OPINION

Appellant, Mark Grabowski, filed a Notice of Appeal *nunc pro tunc* from the judgment of sentence of January 9, 2014. Because this appeal is without merit, it must be dismissed.

## RELEVANT BACKGROUND

The ultimate issue is whether the trial court committed legal error or abuse of discretion when it resentenced Appellant on January 9, 2014. The background is summarized herein.

After a jury trial on September 14 and 15, 2011, Appellant was found guilty of Robbery (Count I), Recklessly Endangering Another Person (Count II) and Simple Assault (Count III). Appellant was sentenced on November 7, 2011 to the mandatory five (5) to ten (10) years of incarceration for Robbery, with twelve (12) days credit for time served, one (1) year of probation for Recklessly Endangering Another Person ("REAP") and one (1) year of probation for Simple Assault. The probationary sentences were *consecutive* to Count I.

On November 10, 2011, Appellant filed a Motion for Post-Trial Relief challenging the weight and sufficiency of the evidence and the identification of his vehicle.[1] Appellant requested a new trial. The motion was denied on November 13, 2012.[1]

---

[1] Due to admisistrative errors, the Court was not made aware of this Motion until November 13, 2012. Upon receipt of the Motion, the Court entered an Order denying the Motion.

1



Appellant filed a timely Notice of Appeal in November, 2012, and was represented on direct appeal by appointed counsel, Keith H. Clelland, Esq. One of the issues presented for appellate review was whether the evidence was sufficient to sustain a conviction for REAP.

On November 15, 2013, the Superior Court vacated the sentence for REAP, and affirmed the judgments of sentence for Robbery and Simple Assault. The Superior Court remanded the case for resentencing as to Robbery and Simple Assault, as the Superior Court concluded its disposition reduced the aggregate term of Appellant's sentence, and thus, upset the overall sentencing scheme.[2]

Appellant was re-sentenced on January 9, 2014, to the mandatory five (5) to ten (10) years of incarceration for Robbery, and one (1) year of probation for Simple Assault. The probationary sentence for Simple Assault was *concurrent* to the sentence imposed for Robbery.

The sentence imposed on January 9, 2014, was more lenient than the sentence imposed on November 7, 2011, not only because the previous judgment of sentence for REAP (one year of probation) had been vacated, and thus was not included in the sentencing scheme, but also, because the probationary sentence imposed on January 9, 2014, for Simple Assault was *concurrent with*, rather than consecutive to, the sentence for Count I, Robbery. (The probationary sentences imposed on November 7, 2011 for REAP and Simple Assault were *consecutive to* Count I, Robbery.) Appellant was represented by counsel at the re-sentencing hearing.

On January 23, 2014, while still represented by counsel, Appellant filed a *pro se* post-sentence motion: a *"Pro-Se* Petition for Reconsideration of Sentence and Request for

---

[2] *See Commonwealth v. Grabowski,* 91 A.3d 1287 (Pa.Super. 2013)(unpublished memorandum filed November 15, 2013).

2

Modification of Sentence".[3] Appellant did not serve this Petition upon the Court, and the Erie County Clerk of Courts forwarded Appellant's *pro se* Petition to Appellant's counsel, Keith Clelland, Esq. On February 27, 2014, the Court granted Clelland's request to withdraw his representation of Appellant.

On October 7, 2014, Appellant wrote to the Court, advising Appellant had not received a response to Appellant's Petition for Reconsideration of Sentence and Request for Modification of Sentence filed on January 23, 2014. Appellant requested a ruling on the Petition.

On October 16, 2014, the Court wrote to Appellant, as follows:

> This is in response to your correspondence dated October 7, 2014.
>
> You were resentenced at the above docket number on January 9, 2014. A timely post-sentence motion was not filed in this matter.
>
> The Clerk of Courts forwarded your *pro se* filing of January 23, 2014 to your attorney, Keith Clelland, Esquire. Even your *pro se* filing was not timely filed. The Court cannot accept hybrid filings. *See Commonwealth v. Jette*, 23 A.3d. 1032, 1044 (Pa. 2011).
>
> As of this time there is no formal pleading before the Court.

*Trial Court letter to Appellant of October 16, 2014.*

On November 20, 2014, Appellant, *pro se*, filed a Notice of Appeal/Motion for Reconsideration Nunc Pro Tunc. Appellant requested leave to file post-sentence motions, or alternatively, a direct appeal, *nunc pro tunc*. At Paragraph No. 2, Appellant cited that, "On January 9, 2014, the Honorable Brabender corrected the November 7, 2011 sentence in compliance with the Superior Court's order; Keith H. Clelland, Esq., represented defendant." The balance of the Notice of Appeal/Motion for Reconsideration addressed the timing of

---

[3] In the "*Pro-Se* Petition for Reconsideration of Sentence and Request for Modification of Sentence" filed January 23, 2014 (which was untimely filed more than ten (10) days after imposition of sentence, *Pa.R.Crim.P. 720(A)(1)*), Appellant asserted, *inter alia*, the Court corrected the sentence in part by removing one term of probation (for REAP), but failed to remove the other term of probation (for Simple Assault).

3

Appellant's earlier *"Pro-Se* Petition for Reconsideration of Sentence and Request for Modification of Sentence" filed January 23, 2014, and the subsequent withdrawal of Clelland as counsel.

On November 25, 2014, the Court denied the Motion for Reconsideration.

On December 18, 2014, Appellant filed a Notice of Appeal from the Order of November 25, 2014. Appellant timely filed a Statement of Matters Complained of On Appeal. The Court filed its 1925(a) Opinion on February 6, 2015.

On June 3, 2015, the Superior Court vacated the Order of November 25, 2014 (which had denied the Motion for Reconsideration), and remanded for the appointment of PCRA counsel.[4] The Superior Court determined Appellant's Motion for Reconsideration *Nunc Pro Tunc* filed November 20, 2014, was in the nature of a timely, first petition filed under the PCRA.

On July 10, 2015, the undersigned appointed William J. Hathaway, Esquire, as PCRA counsel for Appellant. The undersigned directed PCRA counsel to file an Amended or Supplemental PCRA Motion, or a no merit letter, within sixty days.

On September 8, 2015, PCRA counsel filed a Supplement to Motion for Post Conviction Collateral Relief. In the Supplemental Motion, PCRA counsel recognized:

> ... for purposes of any further appellate review, the only cognizable scope of review would be to challenge whether the Court complied with the remand order relative to the resentencing. The Petitioner in his own Motion for Reconsideration recites that Judge Brabender complied with the remand order and corrected the sentence. Therefore, as a substantive matter, I cannot discern what legal predicate there exists for further appellate review of the resentencing order. However, as a technical procedural issue or concern, I am constrained under the circumstances to plead and advocate that the Petitioner's appellate rights should be reinstated nunc pro tunc under the permissive standards for protection of appellate rights when invoked by a Defendant ... despite the patent absence of any prejudice to him in that there does not appear to be any credible predicate for an appeal and the Petitioner has cited his own comprehension that the lower Court

---

[4] *See Commonwealth v. Grabowski, Unpublished Memorandum filed June 3, 2015 at 2067 WDA 2014.*

4

properly corrected the sentence as per the relief directed by the Superior Court as to the original direct appeal.

*Supplement to Motion for Post Conviction Collateral Relief filed September 8, 2015.*

On September 11, 2015, the trial court granted Appellant's Motion for Reconsideration *Nunc Pro Tunc* filed November 20, 2014, in the nature of a first PCRA petition. The Court granted Appellant reinstatement of his right to appeal *nunc pro tunc* from the re-sentencing order dated January 9, 2014, and directed Appellant to file his Notice of Appeal *Nunc Pro Tunc* within thirty days.

On October 1, 2015, Appellant, *pro se,* filed a Notice of Appeal from the re-sentencing order of January 9, 2014. On October 8, 2015, Attorney Hathaway, on Appellant's behalf, also filed a Notice of Appeal Nunc Pro Tunc from the judgment of sentence of January 9, 2014. On October 20, 2015, the Court directed Appellant to file a 1925(b) Statement in 21 days. On November 9, 2015, Appellant timely filed a Concise Statement of Matters Complained of On Appeal.

## DISCUSSION

In the 1925(b) statement, Appellant asserts:

> The Court committed legal error and abused its discretion as to the resentencing imposed on January 9, 2014 in that the Court failed to wholly comply with the dictates of the remand order issued by the Superior Court of Pennsylvania on January 6, 2014 and otherwise failed to duly correct or modify the original sentencing order of November 7, 2011.

*Appellant's 1925(b) Statement.*

Appellant's generic claims are waived for vagueness. The 1925(b) Statement "shall concisely identify each ruling or error that the appellant intends to challenge *with sufficient detail to identify all pertinent issues for the judge.*" *Pa.R.A.P. 1925(b)(4)(ii)*(emphasis added). "When

5

the trial court has to guess what issues an appellant is appealing, that is not enough for a meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. *Commonwealth v. Lemon*, 804 A.2d 34, 37 (Pa.Super. 2002)(internal quotation marks and citations omitted); *see also, Commonwealth v. Dowling*, 778 A.2d 683, 686-687 (Pa.Super. 2001). A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa.Super. 2006), *appeal denied*, 919 A.2d 956 (Pa. 2007). Thus, if a concise statement is too vague, the court may find waiver. *Id.*

The concise statement is too vague, in that it fails to identify how, or in what aspect, the trial court failed to comply with the Superior Court's remand Order in resentencing Appellant on January 9, 2014. The concise statement is also too vague, in generically asserting the trial court "otherwise failed to duly correct or modify the original sentencing order of November 7, 2011." Since Appellant's broad and generic claims are not specific enough to identify and address the specific issues he wishes to raise on appeal, the Court is unable to respond, and Appellant's claims are waived. *Pa.R.A.P. 1925(b)(4)(ii), (vii)*.

Assuming *arguendo* Appellant's claims are not waived, they lack a factual or legal basis. After imposition of the original sentence on November 7, 2011, Appellant had a counseled post-sentence motion filed, and a counseled direct appeal. On initial appellate review, the Superior Court, in November, 2013, vacated the sentence for REAP, and affirmed the judgment of sentence for Robbery and Simple Assault. The Superior Court determined that its disposition reduced the aggregate term of appellant's sentence, and thus upset the trial court's overall

6

sentencing scheme. Accordingly, the Superior Court remanded the case for resentencing at the remaining two Counts.

At the resentencing on January 9, 2014, the Court sentenced Appellant to the mandatory five (5) to ten (10) years of incarceration for Robbery, and one (1) year of probation for Simple Assault. The probationary sentence the Court imposed for Simple Assault was *concurrent* to the sentence imposed for Robbery. (*See Transcript of Proceedings, Resentencing Hearing, January 9, 2014, pp. 4-6*). In two respects the sentence imposed on January 9, 2014, was more lenient than the sentence imposed on November 7, 2011. First, the sentence for REAP (one year of probation) had been vacated, and thus was not included in the sentencing scheme. Second, the probationary sentence imposed on January 9, 2014, for Simple Assault was *concurrent with*, rather than consecutive to, the sentence for Count I, Robbery. (The original probationary sentences imposed on November 7, 2011 for REAP and Simple Assault were *consecutive to* Count I, Robbery.) Appellant, in his own Notice of Appeal/Motion for Reconsideration Nunc Pro Tunc filed November 20, 2014 (ultimately treated as a timely, first petition under the PCRA), acknowledged the trial court corrected the November 7, 2011 sentence in compliance with the remand order. Appellant's bald claims are belied by the record. As the sentence does not exceed the statutory limits and is not manifestly excessive, this Court's sentence must not be disturbed. *Com. v. Ellis, 700 A.2d 948, 958 (Pa.Super. 1977)*.

## CONCLUSION

For the above reasons, the appeal must be dismissed as wholly lacking in merit. The Clerk of Courts is hereby directed to transmit the record to the Superior Court.

BY THE COURT:

11/13/2015
**Date**

Daniel J. Brabender, Jr.

**Daniel J. Brabender, Jr., Judge**

cc:     District Attorney's Office
        William J. Hathaway, Esquire, 1903 West Eighth Street, PMB #261, Erie, PA 16505

8