J-S70023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODNEY SMITH | : | |
| | : | |
| Appellant | : | No. 2526 EDA 2017 |

Appeal from the Judgment of Sentence Entered March 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007050-2011,
CP-51-CR-0007052-2011, CP-51-CR-0007060-2011

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:              **FILED APRIL 04, 2019**

Rodney Smith appeals from the judgments of sentence entered after the court vacated the sentences previously imposed on the above three docket numbers. We affirm the judgment of sentence entered on March 8, 2017, on docket number CP-51-CR-0007050-2011 ("7050"), as the trial court did not abuse its discretion when sentencing Smith to ten to 20 years' incarceration for robbery and conspiracy. We vacate the judgments of sentence imposed on March 8, 2017, on docket numbers CP-51-CR-0007052-2011 ("7052") and CP-51-CR-0007060-2011 ("7060"), because the trial court was without jurisdiction to resentence Smith on those docket numbers.

The procedural history is as follows. In 2011, the Commonwealth charged Smith in relation to two robberies committed over the course of four days with the use of a stolen car. The trial court assigned three different

docket numbers. Each of the robberies received a separate docket number (7050 and 7060), as did the charge of receiving stolen property related to the use of the stolen car (7052). Each docket also included related charges. The three cases were consolidated for trial, and a jury convicted Smith of these and related charges.[1]

The trial court sentenced Smith on September 20, 2012. It applied 42 Pa.C.S.A. § 9712 to the robbery convictions and imposed a five-to-ten-year mandatory minimum sentence on each. The court ordered the sentences on the three dockets to run concurrently, and imposed an aggregate sentence of 12 to 24 years' incarceration.

Smith filed a notice of direct appeal that listed only docket number 7050; he did not file a direct appeal on docket numbers 7060 or 7052. This Court affirmed on April 9, 2014, and Smith did not petition for allowance of appeal. **See Commonwealth v. Smith**, 102 A.3d 525 (Pa.Super. 2014).

On March 26, 2015, Smith filed a *pro se* Post Conviction Relief Act ("PCRA") petition. His petition referenced only docket number 7050, the case that he had directly appealed. The court appointed PCRA counsel, who filed an Amended Petition that referenced all three docket numbers and alleged that Smith's mandatory minimum sentences had been rendered

---

[1] The convictions on docket number 7050 were for robbery and conspiracy; those on docket number 7060 were for robbery, conspiracy, possessing an instrument of crime, and carrying firearms on public streets in Philadelphia; and the conviction on docket number 7052 was for receiving stolen property. **See** 18 Pa.C.S.A. §§ 3701(A)(1)(ii) and 903, 907(a), 6108, and 3925(a).

unconstitutional by **Alleyne v. United States**, 570 U.S. 99 (2013). The Commonwealth responded by filing a letter, referencing only docket number 7050, stating the Commonwealth did not oppose resentencing. Without explicitly granting or denying the Amended PCRA Petition, the court scheduled resentencing on all three dockets.

At resentencing, on March 8, 2017, Smith's attorney noted that he was not Smith's counsel of record on docket numbers 7060 and 7052, and requested that the court appoint him as counsel on those cases. The court did so, and the Commonwealth did not object. At the conclusion of the hearing, the court resentenced Smith on all three cases. The court again ordered the sentences to run concurrently, for a new aggregate sentence of ten to 20 years' incarceration.

Five days later, on March 13, 2017, Smith filed what he styled as a "Motion to Reconsider Sentence," referencing all three docket numbers. The motion argued that the court should reduce his sentence because it was "unduly harsh and excessive." Motion to Reconsider Sentence, at 4, ¶ 8. Four months later, on July 12, 2017, the trial court issued an administrative order denying Smith's motion by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(c).[2]

---

[2] **See** Pa.R.Crim.P. 720(B)(3)(c) (providing that when a post-sentence motion is denied operation of law, the clerk of courts shall enter an order so stating); **see also** Pa.R.Crim.P 720(B)(3)(a) (providing where trial court takes no action on a post-sentence motion within 120 days, the motion shall be deemed denied by operation of law).

The order advised Smith that he had 30 days in which to file a notice of appeal. Smith filed a notice of appeal within 30 days. The notice purported to appeal from all three docket numbers.[3]

### I. Timeliness of Appeal

The trial court suggests in its Pa.R.A.P. 1925(a) opinion that we quash the appeal as untimely because Smith appealed more than 30 days after his resentencing. **See** Trial Court Opinion, filed 2/12/18, at 2 (unpaginated). The trial court asserts that Smith's "Motion to Reconsider Sentence" did not extend the time period for filing an appeal, because the court did not expressly grant reconsideration. We disagree. Although Smith titled his motion as one seeking "reconsideration," it was in effect a motion to modify sentence that tolled the appeal period.

Rule 720(B)(3)(a) of the Rules of Criminal Procedure provides that if defendant files a timely post-sentence motion, the court must decide the motion within 120 days, or the motion will be deemed denied by operation of law. Pa.R.Crim.P. 720(B)(3)(a). In either case, once the motion is denied, the defendant has 30 days to file a notice of appeal. Pa.R.Crim.P. 720(A)(2)(a)-(b); **see Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa.Super. 2003). When the court expressly denies a timely post-sentence motion, the defendant

---

[3] On June 1, 2018, our Supreme Court held that where there is an appeal of more than one docket, separate notices of appeal must be filed for each case, or the appeal will be quashed. **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018). However, we do not apply **Walker** to this case, as Smith appealed prior to the **Walker** decision, which announced it would be applied prospectively. **Id.** at 977.

may then file a motion for reconsideration of the denial of the post-sentence motion. *See* Pa.R.Crim.P. 720, comment. However, the court must decide the motion for reconsideration within the same 120-day period applicable to post-sentence motions. *Id.*

Here, Smith's "Motion for Reconsideration of Sentence," filed within ten days of the resentencing hearing, was clearly a post-sentence motion contemplated by Rule 720. Indeed, Rule 720(B)(1)(a)(v) explicitly permits a post-sentence motion to modify sentence. As the motion was timely,[4] the time for filing a notice of appeal did not begin to run until after the court's disposition of the motion. The motion was denied by operation of law after 120 days, and Smith filed a notice of appeal within 30 days thereafter. His appeal is therefore timely.

## II. Trial Court's Jurisdiction to Resentence Smith on Docket Numbers 7060 and 7052

Next, we address the Commonwealth's contention that the trial court lacked jurisdiction to resentence Smith on docket numbers 7060 and 7052. According to the Commonwealth, Smith's PCRA Petition was untimely in relation to those docket numbers, because Smith did not file a direct appeal from his original judgment of sentence imposed on those dockets. Because the Petition was untimely, the Commonwealth argues, the PCRA court lacked jurisdiction to grant relief on those docket numbers, and the trial court

---

[4] A written post-sentence motion must be filed within ten days of the imposition of sentence. Pa.R.Crim.P. 720(A)(1).

consequently lacked jurisdiction to resentence Smith. The Commonwealth requests that we vacate all three judgments of sentence entered on March 8, 2017, and remand docket number 7050 for a third sentencing by the trial court, as vacating sentence on the other two dockets will upset the trial court's sentencing scheme. Smith has not filed a reply brief addressing the Commonwealth's argument.

The timeliness of a PCRA petition is a jurisdictional prerequisite, and a PCRA court is accordingly "precluded from considering untimely PCRA petitions." **Commonwealth v. Whitney**, 817 A.2d 473, 477-78 (Pa. 2003). Even a claim that the trial court imposed an unconstitutional mandatory minimum sentence must be raised within a timely PCRA petition. **Commonwealth v. Ruiz**, 131 A.3d 54, 58 (Pa.Super. 2015). This threshold question of the timeliness of the petition implicates this Court's subject matter jurisdiction over the appeal as well. **Whitney**, 817 A.2d at 478. The issue of jurisdiction cannot be waived by the parties' failure to address it before the PCRA or trial court. **See Commonwealth v. Concordia**, 97 A.3d 366, 371 (Pa.Super. 2014); **Commonwealth v. Salley**, 957 A.2d 320, 325 (Pa.Super. 2008).

Here, the trial court initially sentenced Smith on all three docket numbers on September 20, 2012. Smith did not appeal the judgments of sentence imposed on docket numbers 7060 and 7052. Thus, the judgments of sentence on those two docket numbers became final thirty days after sentencing, on October 20, 2012, when the time period for seeking direct

review expired. 42 Pa.C.S.A § 9545(b)(3); Pa.R.A.P. 903(a). Smith had one year, until October 20, 2013, to file a PCRA petition, unless an exception to the one year time-bar applied. 42 Pa.C.S.A. § 9545(b)(1). Smith has not argued that any exception applies to his petition, and thus his petition, filed on March 26, 2015, was untimely in relation to docket numbers 7060 and 7052.[5]

As Smith did not file a timely PCRA petition requesting relief on docket numbers 7060 and 7052, the PCRA court was without jurisdiction to disturb judgment, and the trial court without jurisdiction to resentence. We therefore direct the trial court to vacate the sentences imposed on March 8, 2017, on docket numbers 7060 and 7052.

Vacating the March 8, 2017 judgment of sentence on docket numbers 7060 and 7052 does not require that we remand for resentencing on docket number 7050. Although a court may vacate all interdependent sentences when one of the sentences is illegal, even where the sentences flow from convictions charged on different bills of information, *see Commonwealth v. Bartrug*, 732 A.2d 1287, 1289-90 (Pa.Super. 1999), when an appellate court vacates one of several concurrent sentences, it does not upset a sentencing scheme and require remand for resentencing. *See Commonwealth v.*

---

[5] We note that Smith did not refer to docket numbers 7060 and 7052 in his *pro se* petition; and, his Amended petition, which did request relief on those docket numbers, was filed even later.

***Robinson***, 817 A.2d 1153, 1163 n.14 (2003). Here, the trial court ordered the sentences on Smith's three docket numbers to run concurrently, and therefore our vacating two of the three sentences has not upset a sentencing scheme.[6]

### III. Sentence Imposed on Docket Number 7050

Smith raises a single issue in his appeal from the judgment of sentence imposed on docket number 7050: "Whether the lower court abused its discretion in denying [Smith]'s Motion for Reconsideration of Sentence?" Smith's Br. at 8.

As Smith challenges the discretionary aspects of his sentence, we must first determine whether we will allow the appeal. ***Commonwealth v. Heaster***, 171 A.3d 268, 271 (Pa.Super. 2017), *appeal denied*, 181 A.3d 1078 (Pa. 2018). We will only do so if: (1) the appeal is timely; (2) the issue was preserved; (3) the brief includes a Pa.R.A.P. 2119(f) statement; and (4) the statement raises a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." ***Id.*** at 271-72 (citing ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010)).

Smith's appeal is timely, he preserved the issue in a post-sentence motion, and his brief includes a concise statement of the reasons why we

---

[6] Similarly, although the PCRA court properly vacated the initial sentence on docket number 7050 following the PCRA petition, this act did not imbue the trial court with jurisdiction to resentence on docket numbers 7060 and 7052, as the sentences imposed at the initial sentencing were concurrent, and vacating one sentence did not disturb an interdependent scheme.

should allow the appeal. In his Rule 2119(f) statement, Smith argues that his sentence "was so manifestly excessive as to constitute too severe a punishment," and that the court "did not adequately examine and investigate [his] background, character, and rehabilitative needs" and "only made a cursory mention of mitigating factors" such as his potential for rehabilitation and his mental health. Smith's Br. at 17. We have previously held a "claim that the court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question." *See Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*).[7] We therefore grant allowance of appeal and consider whether Smith's argument merits relief.

We will not disturb the trial court's sentence absent an abuse of discretion. *White*, 193 A.3d at 984 (citing *Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa.Super. 2006)). When a sentence falls within the sentencing guidelines, we will vacate the sentence only when "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2); *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa.Super. 2015).

---

[7] We note that "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors has been less than a model of clarity and consistency." *Commonwealth v. White*, 193 A.3d 977, 983 (Pa.Super. 2018) (quoting *Commonwealth v. Caldwell*, 117 A.3d 763, 769-70 (Pa.Super. 2015) (*en banc*)).

A trial court need not expound upon its sentencing philosophy in a lengthy discourse. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa.Super. 2006) (quoting *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa.Super. 2004)). Rather, the record as a whole must reflect the court gave meaningful consideration to both the character of the defendant and facts of the crime. *Id.* (citation omitted).

Smith argues that the court gave short shrift to his capacity for rehabilitation and his rehabilitative needs. Smith's Br. at 22. Smith asserts that he testified that he has changed his outlook on life since being incarcerated. *Id.* Smith also asserts that he raised in his motion for reconsideration that he presented evidence at his original sentencing that domestic violence in his childhood home traumatized him; he suffers from ADHD, and is not properly treated while incarcerated; and he only gets into trouble when he is not taking medication. *Id.* Smith argues the sentencing transcript does not reflect that the trial court considered these factors. *Id.*

We disagree. At Smith's resentencing, he testified that he has a supportive family and a daughter; during the six years he has spent incarcerated, he has furthered his education, and has career aspirations in real estate; both of his parents have passed away since he became incarcerated; he has grown more patient during his time in prison; he regrets committing the instant crimes, which he committed when he was 19 years old; and he is incentivized not to spend the rest of his life incarcerated. N.T., 3/8/17, at 14-19, 24-25. Smith's sister also testified that Smith has become

"more humble" since becoming incarcerated. *Id.* at 11-12. The Commonwealth proposed that the court re-impose the same sentence on each charge, noting that the previously mandated minimum sentence of five to ten years' incarceration for robbery fell within the aggravated range of the sentencing guidelines.[8]

At the conclusion of the hearing, the trial court resentenced Smith on all three dockets. Before imposing sentence, the court stated the following:

> The Court has had an opportunity to review the information provided, heard the argument, still has the benefit of the pre-sentence report and had a chance to hear from [Smith] and [a] family member of [Smith], and, first, to Mr. Smith, I am sorry for your losses. The Court takes into consideration that [Smith] has completed his high school, gotten his high school diploma, also completed the Money Smart program. The court also cannot forget the gravity of the offenses and the need for rehabilitation. It seems like you are on the right track for rehabilitation[.]

*Id.* at 27. On docket number 7050, the court re-imposed the original sentence—five to ten years' imprisonment for robbery, with a consecutive term of five to ten years' imprisonment for conspiracy, for an aggregate of ten to 20 years' imprisonment.

The record therefore reflects that the court carefully considered Smith's capacity and need for rehabilitation. The court was well apprised of Smith's

---

[8] The parties agreed that the prior record score was zero, the offense gravity score for robbery was ten, and that with the deadly-weapon enhancement, the standard Guidelines range for both the robbery and conspiracy convictions was 40 to 54 months minimum incarceration, increased or reduced by 12 months in the aggravated and mitigated ranges. *See* N.T. at 4-5, 8-11, 25-26; 204 Pa.Code § 303.17(b).

character, history, and prospects, as well as the gravity of the crimes Smith committed. The court found that Smith was "on the right track for rehabilitation," and re-imposed the original sentence, which fell within the aggravated Guidelines range. N.T. at 27.

Although the court did not specifically mention Smith's ADHD or mental health, Smith did not specifically argue those facts at his resentencing hearing—instead, Smith waited to raise those issues in his post-sentence motion, which was denied by operation of law. Nonetheless, we presume the court considered those facts, as it had both reviewed the pre-sentence report and presided at the original sentencing hearing where Smith had highlighted his mental health status. *See Commonwealth v. Johnson*, 125 A.3d 822, 827 (Pa.Super. 2015).

Smith makes no separate argument that his consecutive sentences were excessive given the criminal conduct at issue. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa.Super. 2010). However, we do not find the imposition of two consecutive five- to ten-year sentences for robbery and conspiracy to be excessive under the facts of this case. At Smith's resentencing, the Commonwealth argued that "within a four-day span, [Smith] robbed two people by gunpoint [and] assaulted one person with th[e] gun." N.T. at 7.

Ultimately, the record does not reflect an abuse of discretion or that the application of the sentencing guidelines was clearly erroneous. We therefore affirm the judgment of sentence on docket number 7050.

Judgment of sentence on docket number CP-51-CR-0007050-2011 affirmed. Order of March 8, 2017, imposing sentence on docket numbers CP-51-CR-0007052-2011 and CP-51-CR-0007060-2011 vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/19