J-A04023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH E. PERRY | : | No. 1069 EDA 2021 |

Appeal from the Order Entered April 27, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008775-2017

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 18, 2022**

The Commonwealth appeals from the order terminating Appellee Kenneth E. Perry's probation.  We vacate the judgment of sentence and remand for resentencing.

A previous panel of this Court summarized the factual and procedural history as follows:

> On December 7, 2018, [Appellee] entered into a negotiated, *nolo contendere* plea . . . to the charges of endangering the welfare of children, as a felony in the third degree, and corruption of minors, as a misdemeanor in the first degree.  The negotiated sentence was a total of ten years of reporting probation, to be supervised by the Sex Offender's Unit.  [Appellee's] probationary sentence included a provision that "admitting guilt during supervision is not a condition of probation," and that [Appellee] would be taking a polygraph test, in lieu of that admission.  If [Appellee] passed the polygraph test he would not have to enter treatment.
>
> On December 19, 2018, a hearing was held before th[e trial] court to clarify the conditions of [Appellee's] probation should he fail the polygraph test.  Defense counsel articulated that it was never [Appellee's] understanding of the plea negotiations that he would

need to admit guilt, despite the results of the polygraph. Defense counsel argued that treatment would have to make accommodations for [Appellee] to receive treatment without admitting guilt. Probation Officer Johnson testified to clarify that, should an individual fail the polygraph test and enter . . . sex offender treatment, such treatment would not be possible without continued accountability by the participant. At this time, th[e trial] court offered [Appellee] the opportunity to withdraw the negotiated plea due to the apparent confusion around its conditions. [Appellee] declined this opportunity and elected to move forward with the polygraph under the original conditions of his sentence.

On December 31, 2018, [Appellee] failed his polygraph. On January 7, 2019, [Appellee] appeared before th[e trial] court for a violation of probation hearing, at which time next steps for [Appellee's] sentence were discussed. Th[e trial] court again offered [Appellee] the opportunity to withdraw his plea, acknowledging the facial contradictions in the agreed-upon sentence. [Appellee] did not wish to withdraw his plea, and indicated an understanding that he had to go to treatment due to the failed polygraph test. At this time, again, [Appellee's] probation officer made clear in his testimony that treatment would be impossible if [Appellee] refused to disclose his offense in a rehabilitative setting, resulting in a probation violation. [Appellee] indicated an understanding of this risk.

\* \* \*

[The trial court held several hearings regarding Appellee's compliance with the sex offender treatment conditions of his probation.] On December 17, 2019, [Appellee] appeared before th[e trial] court for its decision as to his probation revocation. [Appellee's] probation was revoked and he was sentenced to one to two years of state incarceration with no probation tail. Th[e trial] court further specified that [Appellee] must complete sex offender treatment to be eligible for parole.

*Commonwealth v. Perry*, 302 EDA 2020, 2021 WL 1502194, at \*1-2 (Pa. Super. filed Apr. 16, 2021) (unpublished mem.) (citations omitted and formatting altered).

On April 16, 2021, this Court vacated Appellee's judgment of sentence, explaining that

> the trial court abused its discretion by refusing to specifically enforce the non-admission condition of [Appellee's] plea. The court reasoned that its revocation of [Appellee's] probation was appropriate because it repeatedly offered to allow him to withdraw his plea, and he "was fully cognizant of [the] treatment condition at the outset of his plea . . . ." However, as discussed *supra*, the record supports [Appellee's] position — and the Commonwealth's concession — that the parties contemplated that [Appellee] would **not** have to admit his guilt, even if treatment were required. Moreover, [Appellee] had no obligation to move to withdraw a plea that is favorable to him. The Commonwealth entered into the plea agreement fully understanding the terms thereof, and the court not only accepted the plea, but failed to vacate it when the Commonwealth notified the court that the plea contained contradictory conditions. Thus, the court abused its discretion by revoking [Appellee's] probation based on his failure to admit guilt.

*Id.* at *5 (citation omitted). This Court then remanded the matter "for the [trial] court to reinstate [Appellee's] prior sentence of probation, with credit given for the time [Appellee] served on his revocation sentence. The [trial] court shall also rescind the treatment condition of [Appellee's] probationary sentence." *Id.* This Court did not remand the record to the trial court until May 21, 2021. *See* Docket, 302 EDA 2020.

The trial court held a resentencing hearing on April 27, 2021. At that hearing, the following occurred:

> THE COURT: . . . . In fashioning a sentence here today on this remand on the endangering the welfare of a child as an F3, I am going to sentence you to one year of reporting probation, concurrent period of one year of reporting probation on the corrupting the morals of a minor. I'm going to continue the stay

- 3 -

away order from the complainant as well as the [complainant's] brother. . . .

*    *    *

Additionally, if my recollection is correct, and, please, [Appellee's counsel] and [the Commonwealth], correct me at any point, I'm relying on my file, there will be no Megan's Law requirement given the original negotiation.

[Appellee's counsel]: That's correct.

[The Commonwealth]: Right.  That's correct.

THE COURT: I am going to currently order for this to be supervised by the Sex Offender Unit. . . .

[Appellee's counsel]: Your Honor, as far as credit.

THE COURT: Of course.  Credit for time served.  Immediate parole.

[Appellee's counsel]: Just so I'm correct, did you impose one year reporting probation?

THE COURT: Correct.

[Appellee's counsel]: So he has more than a [year's] credit?

THE COURT: Correct.  I see where you're coming from.  In that case, frankly, at this point I'm going to terminate it.  Why don't we do that?  We're going to terminate all supervision at this time.

[Appellee's counsel]: Your Honor, I did want to make sure the state prison gets the short order.

THE COURT: Absolutely.  We'll get you a short order to fax up yourself and we'll also make sure it goes out.

[Appellee's counsel]: Thank you, Your Honor.

THE COURT: Thank you.

[The Commonwealth]: Would Your Honor just note my objection for the record?

THE COURT: Absolutely.

N.T. Resentencing Hr'g, 4/27/21, at 16-18.

The Commonwealth timely appealed and filed a Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing the Commonwealth's claim.

On appeal, the Commonwealth raises the following issue for our review: "Did the lower court err on remand by terminating [Appellee's] probation, where this Court's order vacated the previous revocation sentence and remanded 'for the court to reinstate [Appellee's] prior sentence of probation, with credit given for the time [Appellee] served on his revocation sentence?'" Commonwealth's Brief at 4.

**Trial Court's Jurisdiction**

Before reaching the merits of this appeal, we must address the Commonwealth's claim that the trial court lacked jurisdiction to conduct Appellee's resentencing hearing before this Court remanded the record to the trial court. *Id.* at 13 n.1.

A challenge to subject-matter jurisdiction presents a question of law, so our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Salley***, 957 A.2d 320, 322 (Pa. Super. 2008). "An objection to lack of subject matter jurisdiction can never be waived . . . ." ***Commonwealth v. Little***, 314 A.2d 270, 272 (Pa. 1974) (citations omitted).

Rule of Appellate Procedure 1701 governs the trial court's jurisdiction after an appeal has been taken, providing, in part:

> **(a) General rule.**—Except as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter.

- 5 -

\*    \*    \*

**(b) Authority of a trial court or other government unit after appeal.**—After an appeal is taken, the trial court . . . may: . . . [t]ake any action directed or authorized on application by the appellate court.

Pa.R.A.P. 1701(a), (b)(5).

Rule 2572 provides that, absent any application affecting the appellate court's order, the record shall be remanded to the originating court no sooner than thirty days after an appellate court enters judgment or a final order. Pa.R.A.P. 2572(a)(2). Further, the "prothonotary of the appellate court shall note on the docket the date on which the record is remanded and give written notice to all parties of the date of remand." Pa.R.A.P. 2572(e). Rule 2572 "[e]nsures that the Superior Court Prothonotary does not unnecessarily remand a record to the trial court when the losing party appeals the decision to the Supreme Court. The rule was not enacted to force the Prothonotary of the Superior Court to remand the record on the thirty-first day." **Salley**, 957 A.2d at 323 (citation omitted). "[U]nder Appellate Rules 1701 and 2572, a trial court has no jurisdiction over a case until an appellate court returns the record to it with instructions for the trial court to proceed." **Commonwealth v. Harris**, 230 A.3d 1124, 1127 (Pa. Super. 2020).

In **Salley**, a panel of this Court issued an order vacating the defendant's judgment of sentence and remanding the matter for resentencing. **Id.**, 957 A.2d at 325. Before the record was remanded to the trial court, the trial court held a resentencing hearing. **Id.** On appeal, this Court concluded that the

trial court lacked jurisdiction to resentence the defendant before it received the record, and therefore, the trial court's sentencing order was a legal nullity. *Id.* The *Salley* Court vacated the judgment of sentence and again remanded for resentencing, noting that the trial court should not resentence the defendant until after this Court had remanded the record. *Id.*; *see also* Pa.R.A.P. 2572.

Instantly, although a panel of this Court vacated Appellee's judgment of sentence on April 16, 2021, this Court did not remand the record to the trial court until May 21, 2021. *See* Docket, 302 EDA 2020. On April 27, 2021, twenty-four days before this Court remanded the record, the trial court resentenced Appellee and terminated his probation. *See* N.T. Resentencing Hr'g, 4/27/21, at 16-18; *see also* Docket, 302 EDA 2020.

Because the trial court resentenced Appellee before this Court had remanded the record, we are constrained to conclude that the trial court acted without jurisdiction. *See Harris*, 230 A.3d at 1127; *Salley*, 957 A.2d at 325. Therefore, both the April 27, 2021 judgment of sentence and the order terminating Appellee's probation are legal nullities. *See Harris*, 230 A.3d at 1127; *Salley*, 957 A.2d at 325. Accordingly, we vacate both orders and remand the matter for resentencing consistent with this Court's prior remand in *Commonwealth v. Perry*, 302 EDA 2020, 2021 WL 1502194, at *5 (Pa. Super. filed Apr. 16, 2021), which shall occur after this Court has remanded the record to the trial court. *See Salley*, 957 A.2d at 325.

Order and judgment of sentence vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2022