Jesse STANTON & Benjamin Stanton & Elaine Stanton, H/W, Appellants.

v.

LACKAWANNA ENERGY, LTD., & Pennsylvania Power & Light Co., Appellees.

Superior Court of Pennsylvania.

Argued Sept. 12, 2006.
Filed Jan. 5, 2007.

---

Michael Gallacher, Scranton, for appellants.

John M. Mulcahey, Scranton, for appellee.

BEFORE: JOYCE, ORIE MELVIN and JOHNSON, JJ.

OPINION BY JOYCE, J.:

¶ 1 Appellants, Jesse Stanton, Benjamin Stanton, and Elaine Stanton, appeal from the December 2, 2005 order entered in the Court of Common Pleas of Lackawanna County granting the motion for summary judgment filed by Appellee, Pennsylvania Power & Light Co.[1] The trial court determined that Appellee had successfully asserted statutory immunity based on the provisions of the Recreational Use of Land and Water Act (RULWA), which bar liability against owners of unimproved land who open that land without charge for recreational use by members of the public. *See* 68 P.S. § 477–1– § 477–8. For the following reasons, we quash the appeal as premature. The relevant facts and procedural history, as aptly stated by a previous panel of our Court, follow.

> Benjamin Stanton and Elaine Stanton, his wife, (Plaintiffs) commenced this action individually and as parents and natural guardians of their son, Jesse Stanton, (Jesse), to recover for injuries Jesse suffered while riding a motorbike on land owned by Lackawanna Energy, Ltd. (Lackawanna). The land, consisting of 123 acres, is substantially unde-

---

**1.** As mentioned infra, Lackawanna Energy, Ltd. is no longer a party to this case.

veloped, covered mostly with brush and trees, and transected by dozens of dirt trails used by area residents for recreational purposes. In 1982, [Pennsylvania Power & Light Co.,] (PP & L), purchased an easement over a section of the land for construction of electric power transmission towers and maintenance of attached lines. The easement is serviced by an access road at the entrance to which PP & L erected a steel swing-arm gate painted bright yellow. On July 30, 1994, Jesse, then ten years' old, entered the land on a motorbike for the purpose of recreational riding with a friend. Jesse encountered the swing-arm gate upon cresting a hill and, although he saw it, could not avoid hitting it. As a result of the collision, Jesse suffered a cerebral concussion and multiple fractures and dislocations that required surgical reconstruction.

In their complaint, Plaintiffs asserted claims against both PP & L and Lackawanna, contending that the defendants negligently placed or allowed the placement of the swing-arm gate, negligently closed the gate when on prior occasions it remained open, and maintained an attractive nuisance. Following a pretrial conference, Lackawanna settled Plaintiffs' claim and Plaintiffs executed a joint tortfeasor release. PP & L, however, asserted immunity under the RULWA and sought entry of summary judgment. The trial court, the Honorable Michael Barasse, concluded that PP & L would be entitled to a defense under the RULWA based on the undeveloped character of the land but denied summary judgment. Judge Barasse reasoned that the evidence demonstrated questions of fact concerning remaining elements under RULWA; i.e., whether PP & L, as the holder of an easement, is an "owner" under section 477–2, and whether PP & L had willfully

failed to warn of a dangerous condition on the land under section 477–6. The court then certified its order for appeal as one involving a controlling question of law pursuant to 42 Pa.C.S.[S]ection 702(b), and PP & L filed a Petition for Permission to Appeal pursuant to Pa. R.A.P. 1311(b).

*Stanton v. Lackawanna Energy Ltd.,* 820 A.2d 1256, 1257–1258 (Pa.Super.2003). Our Court granted PP & L's petition, and PP & L filed a notice of appeal. On appeal, PP & L claimed that the trial court erred when it denied its motion for summary judgment. Specifically, it argued that Appellants had failed to plead or present any evidence that PP & L acted willfully or maliciously in its failure to warn of the dangerous condition. PP & L also claimed that the trial court erred when it did not conclude, as a matter of law, that PP & L, as the holder of an easement, was an "owner" under the RULWA.

¶ 2 Upon our review, our Court determined that PP & L qualified as an "owner" under the RULWA. We also concluded that Appellants had failed to plead or establish any evidence that PP & L acted maliciously or willfully, so as to invoke an exception to the immunity afforded owners under the RULWA. We opined that Appellants' complaint did not allege anything outside the realm of ordinary negligence. Lastly, we noted that the statute of limitations had expired, thereby prohibiting Appellants from amending their complaint to allege willful or malicious conduct. As such, our Court reversed the order denying PP & L's motion for summary judgment and remanded for the entry of summary judgment in favor of PP & L. On March 3, 2003, the trial court entered an order granting PP & L's motion for summary judgment.

¶ 3 On March 13, 2003, Appellants filed a petition for allowance of appeal, and our

Supreme Court granted the petition, limiting its consideration to whether PP & L, an easement holder, constitutes an "owner" under the RULWA. *Stanton v. Lackawanna Energy, Ltd.*, 584 Pa. 550, 560, 886 A.2d 667, 673 (2005). The Court observed that the Act defined an "owner" as "the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises." *Id.* at 565, 886 A.2d at 676. Since PP & L did not have a fee interest in the land and was not a tenant or a lessee, the Court focused its examination upon whether PP & L would qualify as an "occupant" or "person in control of the premises." The Supreme Court ultimately concluded, based upon the commonly accepted meanings of these terms, that PP & L qualified as an "occupant" and a "person in control of the premises", thereby entitling it to protection as an "owner" under the RULWA. Thus, on November 23, 2005, the Supreme Court affirmed the order of the Superior Court. In its opinion, the Supreme Court made the following observation:

> We are aware that there was a third legal question essential to the grant of summary judgment in favor of PP & L, as to which no appellate review has been afforded: the question of whether the swing-arm gate qualifies as "land" for the purposes of RULWA immunity. Although the trial court addressed the issue in its opinion denying summary judgment, ruling as a matter of law in favor of PP & L, the Superior Court did not, even though both parties addressed the question. Nor did the Superior Court explain why it did not address the question. No doubt, the Superior Court ignored the issue because it had been resolved in PP & L's favor, and the Stantons did not separately seek to appeal the interlocutory order; as a technical matter, the issue was not properly before the court. Since the Stantons were the prevailing party in the trial court, albeit on other issues, they were under no obligation to pursue an interlocutory appeal by permission to secure review of this third issue. The Superior Court's mandate in this case, which this Court affirms, directs the trial court to enter judgment in favor of PP & L. Upon entry of that order, the Stantons will be out of court, and will be free, if they so desire, to seek to appeal that final order to secure appellate review of the question concerning the swing-arm gate.

*Stanton*, 584 Pa. at 568 n. 10, 886 A.2d at 678 n. 10.

¶ 4 On December 2, 2005, the trial court entered a second order that granted summary judgment in favor of PP & L. Appellants filed a notice of appeal. On January 3, 2006, PP & L filed a "Motion to Quash Appeal for Lack of Jurisdiction and/or Waiver for Failure to Preserve the Question" in our Court. On January 11, 2006, Appellants filed a response. On February 17, 2006, our Court entered an order denying the motion "without prejudice to the [A]ppellee's right to raise this issue at the time scheduled for submission or argument of the matter before a panel that will decide the merits of this appeal."

¶ 5 In their brief, Appellants present a sole issue for our review:

> 1. Whether an artificial barrier constructed by Appellee Pennsylvania Power & Light Co. in the form of a steel gate and steel posts qualifies as "land" under The Recreational Use of Land and Water Act so as to provide immunity from liability to Pennsylvania Power & Light Co. when Appellant Jesse Stanton was injured on the steel gate?

Appellants' Brief, at 4 (full capitalization omitted).

¶ 6 Preliminarily, we observe that PP & L has renewed its objection to the propriety of the instant appeal. Appellee's Brief, at 9. Specifically, PP & L argues that Appellants have "waived" the instant claim because they did not file a timely notice of appeal from the March 3, 2003 order of the trial court that granted PP & L's motion for summary judgment. *Id.* Appellants respond that they had no obligation to file an appeal from the March 3, 2003 order since the trial court entered the order while it lacked jurisdiction. Appellants' Reply Brief, at 7. We will address this question first.

¶ 7 The Pennsylvania Rules of Appellate Procedure guide our determination. Rule 1701(a) states that "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Rule 2591(a) indicates that Rule 1701(a) ceases to apply once the appellate court remands the record to the lower court. Pa.R.A.P. 2591(a). Once the record is remanded, "the court or other government unit below shall proceed in accordance with the judgment or other order of the appellate court." *Id.*

¶ 8 In the instant case, the Superior Court filed an opinion on February 26, 2003. The trial court entered an order granting PP & L's motion for summary judgment five days later. When the trial court entered this order, the Superior Court had not remanded the record to the trial court, nor could it have. Rule 2572(a) instructs that "[t]he record shall be remanded to the court or other tribunal from which it was certified at the expiration of 30 days after the entry of the judgment or other final order of the appellate court possessed of the record." Pa.R.A.P. 2572(a). Additionally, the Rules prescribe that the pendency of, *inter alia*, a petition for allowance of appeal shall stay the re-

mand until the petition's disposition. Pa. R.A.P. 2572(b). If the Supreme Court grants the petition for allowance of appeal, the Superior Court Prothonotary must transmit the record to the Supreme Court. Pa.R.A.P. 1122. Herein, Appellants' decision to file a petition for allowance of appeal stayed the remand of the record to the trial court and, once the Supreme Court granted the petition, the Superior Court transmitted the record to the Supreme Court. The Supreme Court did not return the record to the trial court until it resolved Appellants' appeal. Thus, it would appear that the trial court lacked jurisdiction to enter the March 3, 2003 order. *See Bell v. Kater*, 839 A.2d 356, 358 (Pa.Super.2003), *appeal denied*, 579 Pa. 709, 858 A.2d 108 (2004) (stating that the trial court generally lacks jurisdiction to proceed further in a case until the appellate courts have remanded the record); *Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa.Super.2003) (same).

¶ 9 Rule 1701(b) provides a limited number of exceptions to those rules which divest the trial court of jurisdiction during the pendency of an appeal. Specifically, the trial court may (1) "[t]ake such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding"; (2) "enforce any order entered in the matter, unless the effect of the order has been superseded ...."; (3) grant reconsideration of the order which is the subject of the petition if a timely motion for reconsideration is filed and the trial court enters a timely order expressly granting reconsideration; (4) "[a]uthorize the taking of depositions or the preservation of testimony

where required in the interest of justice"; (5) "[t]ake any action directed or authorized on application by the appellate court"; and (6) "[p]roceed further in any matter in which a non-appealable interlocutory order has been entered...."

¶ 10 In our view, none of these exceptions apply. The trial court's March 3, 2003 order did not preserve the status quo or correct a formal error; the order declared that Appellants could not recover as a matter of law on claims that the trial court had previously deemed worthy of trial. *See* Pa.R.A.P. 1701(b)(1), Note (stating that "[s]ubdivision (b)(1) ... is not intended to permit fundamental corrections in the record"). Further, the March 3, 2003 order did not enforce a prior order of the trial court, did not timely grant reconsideration, and did not authorize depositions. Likewise, our Court did not direct or authorize the trial court to enter the order while our Court retained the record and awaited the filing of a petition for reconsideration/reargument or for allowance of appeal. Finally, as our Court had granted PP & L permission to appeal, the trial court did not have the authority to proceed under the sixth exception.

¶ 11 Pursuant to the Rules of Appellate Procedure, the trial court lacked the authority to enter the March 3, 2003 order, and we must deem the order void. *See Bell, supra.* Therefore, we agree with Appellants that they had no obligation to file a notice of appeal from this order.

■ ¶ 12 Having determined that the trial court lacked the jurisdiction to enter the March 3, 2003 order, we will now consider whether the instant appeal is properly before us. "We may raise the issue of appealability *sua sponte* because it

affects our jurisdiction." *O.D. Anderson, Inc. v. Cricks,* 815 A.2d 1063, 1067 (Pa.Super.2003).

¶ 13 Our review of the certified record reveals that the Supreme Court filed an opinion on November 23, 2005 that affirmed the Superior Court's February 26, 2003 order. The Supreme Court remanded the record to the trial court on December 19, 2005. *See* Pa.R.A.P. 2572(b); 2573. Nevertheless, the certified record reveals that the trial court entered an order granting PP & L's motion for summary judgment on December 3, 2005, sixteen days before the trial court received the record. As the remand of the record obviates the jurisdictional impediments imposed by Rule 1701(a), *see* Pa.R.A.P. 2591(a), and as no exceptions to Rule 1701(a) apply,[2] we may only conclude that the trial court lacked the authority to enter the order. *See Bell, supra.* The December 3, 2005 order is a legal nullity, *see Bell, supra,* and cannot constitute a final order for appeal.

¶ 14 As the trial court has not entered a final order granting PP & L's motion for summary judgment, Appellants' notice of appeal, filed December 8, 2005, is premature. Although the trial court has an obligation to enter the order granting the motion for summary judgment, it must await the restoration of its jurisdiction before doing so. Accordingly, we quash the instant appeal as prematurely filed.

¶ 15 Appeal quashed.

---

**2.** Again, the Supreme Court did not direct the trial court to comply with the mandate before

the trial court had jurisdiction to do so.