J-A24011-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| LIBERTY PHILADELPHIA REA, LP, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EFL PARTNERS V, L.P. & EFL PARTNERS | : | |
| X, L.P., | : | |
| | : | |
| Appellants | : | No. 2285 EDA 2014 |

Appeal from the Order Entered June 18, 2014,
in the Court of Common Pleas of Philadelphia County,
Civil Division, at No(s): 314 January Term, 2010

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED SEPTEMBER 15, 2015**

EFL Partners V, L.P. and EFL Partners X, L.P. (collectively EFL) appeal from the order entered on June 18, 2014, which calculated the deficiency judgment owed by EFL to Liberty Philadelphia REO, LP (Liberty).  We affirm.

We summarize briefly the complicated history of this case.  On January 5, 2010, Liberty filed a complaint in confession of judgment seeking a judgment in the amount of $11,214,861.05 against EFL.  That sum included $1,459,682.22 in attorneys' fees.  EFL filed a petition to open the confessed judgment, which was denied by the trial court, and EFL filed a notice of appeal to this Court.  A panel of this Court vacated the judgment and remanded the case to the trial court to recalculate attorneys' fees. ***Republic***

---

*Retired Senior Judge assigned to the Superior Court.

*First Bank v. EFL*, 31 A.3d 738 (Pa. Super. 2011) (unpublished memorandum).

Prior to the trial court conducting a hearing on remand, Liberty filed a petition to amend the confessed judgment in order to remove a claim for attorneys' fees. The trial court granted Liberty's petition, and EFL filed an appeal to this Court.

On appeal, a panel of this Court held that pursuant to Pa.R.C.P. 2959, EFL waived all issues on appeal by failing to file a petition to strike or open the confessed judgment. Thus, the confessed judgment, in the amount of $9,755,718.83 plus post-judgment interest accruing at a per diem rate of $2,444.31, was affirmed. *Liberty Philadelphia REO, LP v. EFL Partners V, L.P. and EFL Partners X, L.P.*, 55 A.3d 141 (Pa. Super. 2012) (unpublished memorandum).

Meanwhile, Liberty executed on the judgment by causing the sale of certain of EFL's properties. Liberty purchased the properties at sheriff's sale on October 5, 2010 and petitioned the trial court to set a fair market value for the properties pursuant to the Deficiency Judgment Act, 42 Pa.C.S. § 8103. Following a hearing, the trial court set the fair market value of the properties at $8,400,000.00, which left a deficiency judgment of $4,005,226.47.

EFL filed a notice of appeal from that order contesting the trial court's calculation of the fair market value and interest. On March 3, 2014, a panel of this Court affirmed the order in part and vacated the order in part. Specifically, this Court affirmed the trial court's conclusion with respect to the fair market value of the properties. However, this Court vacated the trial court's calculation of the per diem interest rate and concluded that the trial court erred by continuing to apply the $2,444.31 per diem interest rate after the October 5, 2010 sheriff's sale. **Liberty Philadelphia REO, LP v. EFL Partners V, L.P. and EFL Partners X, L.P.,** 100 A.3d 292 (Pa. Super. 2014) (unpublished memorandum).

On March 10, 2014, the trial court entered an order directing the parties to file memoranda on the issue of the amount of the deficiency judgment in light of this Court's disposition. In its memorandum, EFL argued first that the trial court lacked jurisdiction because the record had not been remanded. EFL also argued that all interest calculations should occur after the trial court subtracted the fair market value. Meanwhile, on June 16, 2014, EFL timely filed a petition for allowance of appeal to our Supreme Court from the March 3, 2014 memorandum of this Court.[1] On

---

[1] The Supreme Court denied EFL's petition for allowance of appeal on June 16, 2015. **Liberty Philadelphia REO, LP v. EFL Partners V, L.P.**, 117 A.3d 298 (Pa. 2015).

June 18, 2014, the trial court entered an order with a new calculation for the

deficiency judgment. That order provided the following, in relevant part:

| | |
|---|---|
| Modified Judgment | $9,775,178.33 |
| Plus accrued post-judgment interest to October 5, 2010 | + $667,296.63 |
| Judgment amount as of October 5, 2010 | $10,442,475.46 |
| Less fair market value of property sold | - $8,400,000.00 |
| Deficiency Judgment as of October 5, 2010 | $2,022,476.46 |
| Accrued interest, October 5, 2010 to March 20, 2014 | + $628,848.09 |
| Deficiency Judgment as of March 20, 2014 | $2,651,323.55 |

Order, 6/18/2014 (footnotes omitted).

EFL timely filed a notice of appeal to this Court from the June 18, 2014

order. On appeal, EFL argues that the trial court was without jurisdiction to

enter that order because the case had not yet been remanded to the trial

court.[2]

> The Pennsylvania Rules of Appellate Procedure guide our
> determination. Rule 1701(a) states that "after an appeal is taken
> or review of a quasijudicial order is sought, the trial court or

---

[2] The only issue raised on appeal by EFL is the jurisdictional issue. Thus, any argument as to the merits of the interest calculation has been abandoned by EFL on appeal. *See City of Philadelphia v. Schweiker*, 858 A.2d 75, 90 (Pa. 2004) ("Appellants did not state these issues in their list of questions presented on appeal, nor have they discussed them in the body of their brief or included them in their prayer for relief. Hence, these claims are abandoned.").

other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Rule 2591(a) indicates that Rule 1701(a) ceases to apply once the appellate court remands the record to the lower court. Pa.R.A.P. 2591(a). Once the record is remanded, "the court or other government unit below shall proceed in accordance with the judgment or other order of the appellate court." *Id*.

*Stanton v. Lackawanna Energy, Ltd.*, 915 A.2d 668, 672 (Pa. Super. 2007).

We find **Stanton** instructive. In that case, the Stantons filed a complaint for injuries suffered by their son while riding a motorbike on land owned by Lackawanna Energy, Ltd. Pennsylvania Power & Light Company (PP&L) owned an easement on that land for the construction and maintenance of electric power transmission towers and attached lines. PP&L moved for summary judgment, which the trial court denied. The trial court certified its order for appeal pursuant to 42 Pa.C.S. § 702(b), and PP&L petitioned this Court for allowance of appeal. This Court granted PP&L's petition and concluded that the trial court erred in denying PP&L's motion for summary judgment. Thus, on February 26, 2003, this Court reversed the order and remanded to the trial court for the entry of summary judgment in favor of PP&L. On March 3, 2003, the trial court entered an order granting PP&L's motion for summary judgment.

On March 13, 2003, the Stantons timely filed a petition for allowance of appeal to our Supreme Court from the February 26, 2003 memorandum

of this Court. That petition was subsequently granted, and on November 23, 2005, the Supreme Court affirmed this Court's order.

On December 2, 2005, the trial court entered a second order granting summary judgment in favor of PP&L. The Stantons filed a notice of appeal from that order. PP&L argued that the Stantons waived all issues on appeal because they did not file a notice of appeal from the order granting summary judgment that was entered on March 3, 2003. The Stantons argued that "they had no obligation to file an appeal from the March 3, 2003 order since the trial court entered the order while it lacked jurisdiction." **Stanton**, 915 A.2d at 672.

A panel of this Court considered that issue in light of Pennsylvania Rules of Appellate Procedure 1701 and 2591. This Court held that

> [w]hen the trial court entered the [March 3, 2003] order, the Superior Court had not remanded the record to the trial court, nor could it have. Rule 2572(a) instructs that "[t]he record shall be remanded to the court or other tribunal from which it was certified at the expiration of 30 days after the entry of the judgment or other final order of the appellate court possessed of the record." Pa.R.A.P. 2572(a). Additionally, the Rules prescribe that the pendency of, *inter alia*, a petition for allowance of appeal shall stay the remand until the petition's disposition. Pa.R.A.P. 2572(b). … Herein, [the Stantons'] decision to file a petition for allowance of appeal stayed the remand of the record to the trial court….

**Stanton**, 915 A.2d at 672.

Based on the foregoing, we agree with EFL that the trial court lacked jurisdiction to enter the June 18, 2014 judgment unless an exception

applied.[3]   The exceptions are set forth in Pa.R.A.P. 1701(b) and (c), which

provide, in relevant part.

> (b)After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> > (1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.
>
> \*\*\*
>
> (c) Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Pa.R.A.P. 1701(b) and (c).[4]

---

[3] Liberty essentially concedes that **Stanton** is on all fours with this case.   It argues that **Stanton** is not applicable because none of the Pa.R.A.P. 1701 exceptions applied in that case. Liberty's Brief at 19.

[4] Liberty also argues that the trial court was permitted to enter the new judgment pursuant to another exception: "Take any action directed or authorized on application by the appellate court." Pa.R.A.P. 1701(b)(5); Liberty's Brief at 18.  Liberty bases this argument on an order of this Court which denied EFL's motion for stay and noted that "this matter is now in the hands of the trial court." Superior Court Order, 3/3/2014.   While this statement may not have been a model of clarity, we disagree that it would

Liberty argues that the interest calculation was not at issue in the petition for allowance of appeal; therefore, the calculation falls under the exception set forth in Rule 1701(b)(1) and (c). Liberty's Brief at 16. We agree.

In its last appeal to this Court, EFL set forth two issues. First, it challenged the fair market value calculation. Second, it challenged the trial court's calculation of interest. This Court held that the fair market value calculation was correct, but the interest calculation was incorrect. In other words, EFL won on the issue of the interest calculation; therefore, its petition for allowance of appeal to our Supreme Court concerned only the fair market value issue. Accordingly, the issue as to interest was no longer in dispute, and the trial court properly acted in recalculating the judgment.

We also point out that our Supreme Court subsequently denied EFL's petition for allowance of appeal. Therefore, even if the trial court had acted prematurely, its actions resulted in no prejudice to EFL.

Based on the foregoing, we affirm the order entered by the trial court.

Order affirmed.

---

have empowered the trial court to act in a situation where it did not otherwise have jurisdiction to do so.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/15/2015