J-A11012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RESTORECORE, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WRD HOLDINGS, L.P. AND P. DIMARCO & CO., INC., ROBERT P. DIMARCO, ROBERT R. DIMARCO, AND WAYNE A. DIMARCO, | |
| Appellants | No. 1554 EDA 2015 |

Appeal from the Order April 1, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2010-12595, 2013-28138

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 18, 2016**

WRD Holdings, L.P. ("WRD") and P. DiMarco & Co., Inc. ("DiMarco") (collectively "Appellants") appeal the April 1, 2015 order granting summary judgments in favor of RestoreCore, Inc. ("RestoreCore").[1]   After careful review, we are constrained to quash the appeal.

The undisputed facts are gleaned from the certified record. RestoreCore entered into a contract with WRD to restore a building owned by WRD that sustained smoke and soot damage from a fire at a neighboring

---

[*]  Former Justice specially assigned to the Superior Court.

[1]  The case against the individual parties was discontinued on August 15, 2014.

building. DiMarco was a tenant in the building. The contract for the restoration work was signed by Wayne DiMarco on behalf of WRD on September 17, 2009. The contract provided for restoration work "per estimate/insurance" and noted a deductible amount of $5,000. Under the terms of the contract, WRD agreed to assign "to RestoreCore such amount that is due [WRD] under any applicable policy of insurance." Third Amended Complaint, 10/3/13, at Exhibit A. Additionally, WRD agreed "to endorse and immediately deliver any such draft or check [issued by insurer] to RestoreCore." *Id.* Although DiMarco was not a party to the contract, it was the insured entity. RestoreCore's Motion for Summary Judgment Against DiMarco, 10/31/14 Exhibit H (Deposition of Robert P. DiMarco, 8/19/14, at 6).

RestoreCore performed work at the property in September of 2009. According to documents presented by RestoreCore as exhibits to its motions for summary judgment, Cincinnati Insurance Company ("Cincinnati Insurance"), DiMarco's insurer, issued payment to DiMarco in the total amount of $51,203.01, which represented RestoreCore's final total bill of $56,203.01, less the $5,000 deductible.[2] It is undisputed that neither WRD nor DiMarco paid RestoreCore from the insurance proceeds.

_____

[2] The original estimate totaled $65,445.49. Subtracting the $5,000 deductible, Cincinnati Insurance issued two checks totaling $60,445.49 to DiMarco. When the job was completed in less time than anticipated,
*(Footnote Continued Next Page)*

The procedural history is more complex, traceable primarily to RestoreCore's fluctuating theories of liability against the various parties involved. On or about May 13, 2010, RestoreCore filed a complaint against WRD and DiMarco ("the 2010 action"). RestoreCore twice amended the complaint. On September 13, 2013, RestoreCore filed a writ of summons in a separate action against WRD and DiMarco, Wayne DiMarco, Robert P. DiMarco, and Robert R. DiMarco, individually ("the 2013 action").[3] On October 3, 2013, RestoreCore filed a third amended complaint in the 2010 action against WRD and DiMarco alleging breach of contract, unjust enrichment, violation of the Contractor and Subcontractor Payment Act, 73 P.S. § 501 *et seq*., and conversion. RestoreCore also alleged that the corporate entities and the individuals were alter egos of one another. The two actions were eventually consolidated on March 7, 2014.

On or about November 7, 2013, WRD and DiMarco filed an Answer and New Matter in the 2010 action, denying RestoreCore's averments and asserting defenses to the claim, *inter alia*, RestoreCore failed to perform its

(Footnote Continued) _____

RestoreCore reduced its total final bill, and Cincinnati Insurance requested a refund from DiMarco in the total amount of $9,242.48. DiMarco remitted the refund to Cincinnati Insurance.

[3] The certified record in this case reveals that Wayne DiMarco and Robert P. DiMarco are equal owners of WRD and that Robert P. DiMarco is the president of DiMarco. RestoreCore's Motion for Summary Judgment, 10/31/14, at Exhibit G (Deposition of Wayne DiMarco, 8/19/14, at 5) and Exhibit H (Deposition of Robert P. DiMarco, 8/19/14, at 4). Robert R. DiMarco is identified only as Robert P. DiMarco's father. *Id*.

contractual duties, failed to act in good faith, and billed for charges that were not customary or usual for the work performed. On August 15, 2014, RestoreCore filed a praecipe to discontinue the action against the individual defendants.

Discovery proceeded, including requests for admissions, depositions, and document production. Significantly, Appellants noticed the deposition of RestoreCore's president for mid-October 2014, but it was postponed. On October 31, 2014, before Appellants rescheduled, RestoreCore filed separate motions for summary judgment against WRD and DiMarco. RestoreCore's motion against WRD referenced its claims for breach of contract and violation of the Contractor and Subcontractor Payment Act. RestoreCore's Motion for Summary Judgment Against WRD, 10/31/14, at ¶¶ 26, 38. RestoreCore's motion against DiMarco delineated its claims of unjust enrichment and conversion against DiMarco. RestoreCore's Motion for Summary Judgment Against DiMarco, 10/31/14, at ¶¶ 49–60.

Citing ongoing discovery, Appellants requested RestoreCore to withdraw the motion, but RestoreCore did not respond. On December 5, 2014, Appellants filed oppositions to the summary judgment motions, arguing that discovery was not yet complete and issues of material fact remained.

On April 1, 2015, the trial court ruled in RestoreCore's favor on the breach-of-contract claim against WRD and the unjust-enrichment claim

against DiMarco. The trial court did not address whether summary judgment was appropriate under either the conversion or the Contractor-and-Subcontractor-Payment-Act counts. Although Appellants filed a timely motion for reconsideration, the trial court did not rule on the motion. On May 1, 2015, Appellants filed a timely appeal to this Court. The trial court did not order a Pa.R.A.P. 1925(b) statement.

Appellants raise the following issues for our consideration:

1. Did the Trial Court commit reversible error by granting summary judgment against Appellants before the close of discovery, denying Appellants a full and fair opportunity to develop the record?

2. Did the Trial Court commit reversible error by granting summary judgment on RestoreCore's express contract claim against WRD, disregarding genuine material fact issues as to whether RestoreCore violated its contractual duty of good faith and fair dealing toward WRD by fraudulently inflating its prices, misrepresenting the quality of its work, and misstating the hours allegedly worked on the project?

3. Did the Trial Court commit reversible error by granting summary judgment on RestoreCore's unjust enrichment claim against [DiMarco], notwithstanding the lack of record evidence that RestoreCore conferred a benefit of any kind on [DiMarco]?

4. Did the Trial Court commit reversible error by granting summary judgment on RestoreCore's unjust enrichment claim against [DiMarco], disregarding genuine material fact issues as to whether RestoreCore itself acted unjustly by fraudulently inflating its prices, misrepresenting the quality of its work, and misstating the hours allegedly worked on the project?

5. Did the Trial Court commit reversible error by granting summary judgment on RestoreCore's unjust enrichment claim against [DiMarco], disregarding genuine material fact issues (given undisputed evidence of RestoreCore's fraudulent inflation

of its prices, quality of work, and hours worked) as to the monies claimed to be due and owing to RestoreCore?

> 6. Did the Trial Court commit reversible error by relying on RestoreCore's proffered and limited affidavit testimony from a non-party adjuster to make conclusive factual findings underlying the Trial Court's summary judgment decision, in violation of Pennsylvania's **Nanty-Glo** rule?

> 7. Did the Trial Court commit reversible error by relying on unverified documentary exhibits attached to RestoreCore's summary judgment motions, in disregard of Pennsylvania Rule of Civil Procedure 1035.1's prohibition of including such evidence in the summary judgment record?

> 8. Did the Trial Court commit reversible error by awarding RestoreCore an impermissible double recovery for a single alleged injury (the purported non-payment of damages from an express contract)?

Appellants' Brief at 4–6.

Before we can address the merits of Appellants' appeal from the trial court's order granting summary judgments in favor of RestoreCore, we must address a jurisdictional issue. This inquiry is reasoned by the trial court's failure to rule on RestoreCore's claims of conversion and violation of the Contractor and Subcontractor Payment Act.

> "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa. Super. 2009). "[T]his Court has the power to inquire at any time, *sua sponte,* whether an order is appealable." **Id.**; **Stanton v. Lackawanna Energy, Ltd.,** 915 A.2d 668, 673 (Pa. Super .2007). Pennsylvania law makes clear:

>> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P.

312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

***Stahl v. Redcay****,* 897 A.2d 478, 485 (Pa. Super. 2006), *appeal denied,* 591 Pa. 704, 918 A.2d 747 (2007) (quoting ***Pace v. Thomas Jefferson University Hosp.****,* 717 A.2d 539, 540 (Pa. Super. 1998) (internal citations omitted)). Pennsylvania Rule of Appellate Procedure 341 defines "final orders" and states:

> **Rule 341. Final Orders; Generally**
>
> **(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
>
> **(b) Definition of final order.** A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) is expressly defined as a final order by statute; or
>
> (3) is entered as a final order pursuant to subdivision (c) of this rule.
>
> **(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim ... the trial court ... may enter a final order as to one or more but fewer than all of the claims ... only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order ... that adjudicates fewer than all the claims ... shall not constitute a final order. ...

Pa.R.A.P. 341(a)–(c). Under Rule 341, a final order can be one that disposes of all the parties and all the claims, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination under Rule 341(c). Pa.R.A.P. 341(b)(1)–(3); ***In re N.B.****,* 817 A.2d 530, 533 (Pa. Super. 2003).

- 7 -

*In re Estate of Cella*, 12 A.3d 374, 377–378 (Pa. Super. 2010). Relevant to the instant matter, there is no statute that defines as final an order granting summary judgment on fewer than all the claims, and the trial court did not expressly identify as final its April 1, 2015 order granting summary judgment to RestoreCore. Thus, neither Pa.R.A.P. 341(b)(2) nor (3) grants us jurisdiction to entertain this appeal.[4] Likewise, Rule 341(b)(1) provides no jurisdiction, given that the conversion and the Contractor and Subcontractor Payment Act claims against Appellants are still pending. Accordingly, we have no jurisdiction to entertain the appeal as filed.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/18/2016

---

[4] Nor did Appellants attempt to qualify the order on appeal as interlocutory as of right or collateral to the main cause of action.