J-S13033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| JUSTIN MAHALIK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEATHER MAHALIK | : | |
| | : | |
| Appellant | : | No. 3113 EDA 2024 |

Appeal from the Order Entered November 14, 2024
In the Court of Common Pleas of Chester County Civil Division at No(s):
2023-05198-CU

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 22, 2025**

Appellant Heather Mahalik[1] (Mother) appeals from a custody order which reinstated a prior shared physical custody schedule between Mother and Appellee Justin Mahalik (Father) and directed Mother to re-enroll the parties' children in their prior school district.  Mother argues that the trial court erred in entering this order without a hearing, without considering developments that occurred in the interim since the last custody hearings on Mother's relocation petition, and without analyzing the required custody factors.  For the reasons that follow, we vacate and remand for further proceedings consistent with this memorandum.

_____

[1] Mother has remarried and is now known as Heather Barnhart.  **See** Mother's Brief at 6.

A previous panel of this Court summarized the relevant prior factual and procedural history of this matter as follows:

> The parties are former spouses whose divorce became final on August 17, 2022. They are the parents of two (2) children . . . of the marriage: J.M., born [in] July [of] 2013, and N.M., born [in] January [of] 2017 [(Children)]. [Mother] has since remarried and has two stepdaughters. Prior to the finalization of their divorce, the parties entered a property settlement agreement on March 9, 2022 which provided, among other things, that the parties share legal and physical custody of the Children. The parties were observing a shared 2-2-3 custody schedule . . . . In the early to mid-summer of 2023, Mother advised Father that she intended to move to Maryland with the Children in August. Strenuously opposed to Mother's proposed relocation, Father filed a complaint in custody on July 25, 2023. Mother filed a demand for trial on July 26, 2023. Mother filed a notice of proposed relocation on August 16, 2023. [Following a custody conciliation conference, the trial court entered an interim custody order on September 5, 2023.]
>
> * * *
>
> On September 15, 2023, Father filed a counter-affidavit regarding relocation, objecting to Mother's proposed relocation and to the modification of the [previous] custody [schedule] and requesting that a hearing be held on both matters prior to any relocation taking place.
>
> * * *
>
> [The trial court] held a custody/relocation trial . . . from January 2, 2024 through January 4, 2024. . . . .
>
> * * *
>
> On [March 4], 2024, [the trial court entered] a custody order granting Mother's petition for relocation and modifying the parties' existing custody arrangement as set forth in the September 5, 2023 order to provide Father with increased custody pending Mother's relocation with the Children in the

> summer of 2024. Father filed his timely Children's Fast Track appeal on March 14, 2024.
>
> Trial Ct. Op., 4/19/24, at 1-4 (formatting altered). . . .
>
> During the pendency of the [Father's] appeal, Father filed an application to stay the trial court's [ ] March 4, 2024 order[] that granted Mother's petition for relocation and modification of custody. On August 13, 2024, we entered a *per curiam* order granting Father's application for stay pending the disposition of this appeal. **See** Order, 8/13/24. Mother filed an emergency application to lift the stay with our Supreme Court on August 16, 2024. The Supreme Court denied Mother's application in a *per curiam* order on September 4, 2024. **See Mahalik v. Mahalik**, 89 MM 2024.

**Mahalik v. Mahalik**, 833 EDA 2024, 2024 WL 4449485 at \*1-2 (Pa. Super. filed Oct. 9, 2024) (unpublished mem.) (footnote omitted), *appeal denied*, 331 A.3d 521 (Pa. 2024).

On October 9, 2024, the previous panel of this Court issued a memorandum reversing the trial court's March 4, 2024 custody order – which had modified the parties' prior physical custody schedule and granted Mother's relocation petition – and remanded for further proceedings. **See id.** at \*13-14. Specifically, the panel concluded "that the trial court abused its discretion when it found that relocation was in Children's best interest." **Id.** at \*13.

On November 7, 2024, Mother filed a timely petition for allowance of appeal with our Supreme Court.

On November 8, 2024, Father filed an emergency application for relief with this Court, seeking clarification of our October 9, 2024 memorandum and stating that the trial court had not yet effectuated our decision and that Mother had "removed [Children] from Pennsylvania and taken [them] to Maryland . .

. and the trial court had not acted to reverse this." Father's Emerg. Appl. for Relief, 11/8/24, at 1 (unpaginated). On that same date, this Court issued an order granting Father's application for relief, ordering the trial court "to comply with the directives set forth" in our October 9, 2024 memorandum "[w]ithin seven days[.]" Order, 833 EDA 2024, 11/8/24.

On November 14, 2024, the trial court issued a custody order which it describes as "restoring the parties' prior 2-2-3 shared custody arrangement and directing that Mother return to Pennsylvania with the Children by December 2, 2024." Trial Ct. Op., 12/19/24, at 3; *see also* Trial Ct. Order, 11/14/24, at 3-4.

Mother subsequently filed a timely motion for reconsideration of the November 14, 2024 custody order and also a timely notice of appeal.

On December 23, 2024, our Supreme Court denied Mother's petition for allowance of appeal from our October 9, 2024 memorandum. *See Mahalik v. Mahalik*, 331 A.3d 521 (Pa. 2024). Subsequently, this Court remitted the certified record to the trial court on January 15, 2025. *See* Docket, 833 EDA 2024.

On appeal, Mother presents the following claims of error:

1. Did the trial court err as [a] matter of law when it failed to hold "further proceedings" in accordance with the . . . memorandum . . . dated October 9, 2024?

2. Did the trial court err as a matter of law and commit an abuse of discretion when it failed to allow any additional evidence covering the time period between the close of the original record on January 3, 2024 and the issuance of the order dated

November 14, 2024 where more than ten (10) months had passed?

3. Did the trial court err as a matter of law when it issued the order dated November 14, 2024 which included an award for shared physical custody where said award was not accompanied by a detailed rationale discussing the application of the custody factors set for[th] in 23 Pa.C.S. § 5328(a)(1)-(16)?

4. Did the trial court err as a matter of law and commit an abuse of discretion in awarding shared physical custody where its earlier analysis of the custody factors supported an award of primary physical custody to [Mother]?

5. Did the trial court err as a matter of law . . . and commit an abuse of discretion when it implemented a 2-2-3 custody schedule without taking any evidence concerning whether such a schedule was in the best interests of Children?

Mother's Brief at 3-4 (some formatting altered).

Before we consider Mother's claims of error, we must address the trial court's jurisdiction to issue the custody order from which Mother appeals. *See* ***B.L. v. T.B.***, 152 A.3d 1014, 1016 (Pa. Super. 2016) (explaining that "[t]he question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*").

Rule of Appellate Procedure 1701 states, in relevant part, that "[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter."  Pa.R.A.P. 1701(a); ***see also*** Pa.R.A.P. 1701(b) (providing exceptions to the general rule at subsection (a)).  Further, Pa.R.A.P. 2572(b) mandates that "[t]he court possessed of the record shall remand 30 days after either the entry of a final

order or the disposition of all post-decision applications, whichever is later." ***Commonwealth v. Harris***, 230 A.3d 1124, 1127 (Pa. Super. 2020).

Consequently, pursuant to Rules 1701 and 2572, "a trial court has no jurisdiction over a case until an appellate court returns the record to it with instructions for the trial court to proceed.  Otherwise . . . , the trial court risks following an appellate decision that may not ultimately be the final law of the case."  ***Harris***, 230 A.3d at 1127.[2]  Thus, "while a trial court has the power to take certain explicitly delineated actions after an appeal has been filed, a major substantive change, such as the total withdrawal of an order relative to a motion of record[,] does not qualify as an exception to Rule 1701(a)'s stay." ***Schoch v. Perez***, 569 EDA 2022, 2022 WL 5434215, *1 (Pa. Super. filed Oct. 7, 2022) (unpublished mem.) (citation omitted and some formatting altered).[3] In ***Schoch***, at the time the trial court entered an order adopting the parties' proffered custody stipulation, "the stay imposed by Rule 1701 [had] deprive[d] the trial court of its jurisdiction to proceed further in the matter"; therefore, the ***Schoch*** Court concluded that the trial court's order was "a nullity."  ***Id.*** at *1-2 (citation and footnote omitted); ***see also Bell v. Kater***,

---

[2] Between the issuance of a dispositional order by this Court and the return or remand of the record to the trial court, any party to the appeal may apply for reargument, file any other application with this Court in response to our order, or petition our Supreme Court for allowance of appeal from our order.  ***See*** Pa.R.A.P. 2572(b).  If a party takes any of these actions, it will stay the remand of the record to the trial court.  ***See id.***

[3] We may cite to unpublished decisions of this Court filed after May 1, 2019 for persuasive value.  ***See*** Pa.R.A.P. 126(b).

839 A.2d 356, 358 (Pa. Super. 2003) (stating that when "the record ha[s] not yet been remanded . . . [a] trial court d[oes] not have jurisdiction to enter such order and, therefore, such order is void[]" or, in other words, "is a nullity[]" (citation omitted)).

Rule 1701(a)'s stay on trial court proceedings after an appeal is taken "ceases to apply once the appellate court remands the record to the lower court. Once the record is remanded, the court . . . below shall proceed in accordance with the judgment or other order of the appellate court." *Stanton v. Lackawanna Energy, Ltd.*, 915 A.2d 668, 672 (Pa. Super. 2007) (citing Pa.R.A.P. 2591(a)) (some formatting altered).

Additionally, the Commonwealth Court, addressing when jurisdiction revests with a trial court after an appeal is taken, explained that

> a decision and order of this Court remanding a matter to a trial court with instructions . . . does **not** automatically and immediately revest the trial court with jurisdiction, notwithstanding the appellate court's use of the phrase 'jurisdiction relinquished' in the decision. Procedurally, our decisions are not necessarily the final word on appeal. Thus, our phraseology is actually shorthand for, 'jurisdiction relinquished, if and when remand becomes appropriate by an operation of law.'

*DeSantis v. Lenox Place Condominium Association, Inc.*, 316 A.3d 1119, 1122 (Pa. Cmwlth. 2024) (citing *Harris*, 230 A.3d at 1127) (emphasis in original and some formatting altered).[4]

---

[4] While the decisions of the Commonwealth Court are not binding on this Court, "such decisions [may] provide persuasive authority," particularly where
*(Footnote Continued Next Page)*

Here, jurisdiction had not revested with the trial court when it issued the custody order of November 14, 2024, because this Court did not remand the record until January 15, 2025.[5] **See** Pa.R.A.P. 1701(a); **Harris**, 230 A.3d at 1127. Therefore, the trial court's November 14, 2024 order is a nullity. **See** Pa.R.A.P. 1701(a), 2572; **Schoch**, 2022 WL 5434215 at *2; **Bell**, 839 A.2d 358. Accordingly, we vacate the order below and remand for further proceedings consistent with this memorandum and this Court's October 9, 2024 memorandum. **See Stanton**, 915 A.2d at 672.

Although we have concluded that the trial court lacked jurisdiction to enter the November 14, 2024 custody order, we briefly address Mother's first claim on appeal, that the trial court misinterpreted this Court's October 9, 2024 memorandum when it failed to hold a hearing before entering a new custody order, because if not addressed it is likely to arise on remand. **See** Mother's Brief at 12-15.

---

they address analogous legal issues. **Petow v. Warehime**, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010).

[5] We acknowledge that our November 8, 2024 order did not specify that the trial court was to act within seven days **after the record was remanded** from this Court, and that the absence of this phrase may have contributed to the trial court's decision to issue the November 14, 2024 custody order prematurely. However, as noted previously, we are constrained to conclude that the trial court lacked jurisdiction to proceed further in this matter until this Court remanded the record. **See** Pa.R.A.P. 1701(a); **see also B.L. v. T.B.**, 152 A.3d at 1016; **Harris**, 230 A.3d at 1127; **Schoch**, 2022 WL 5434215, *1.

We remind the parties that it is not the role of this Court to "make independent factual determinations[; rather, we] must accept the trial court's findings that are supported by the evidence." **Smith v. Smith**, 281 A.3d 304, 311 (Pa. Super. 2022) (citation omitted); **see also Mahalik**, 2024 WL 4449485, at *3. "In ordering any form of custody, the [trial] court shall determine the best interest of the child by considering all relevant factors, giving substantial weighted consideration to the factors . . . which affect the safety of the child[,]" as set forth in Section 5328(a) the Child Custody Act (the Act). 23 Pa.C.S. § 5328(a).[6] Likewise, where a trial court decides a petition for relocation, it must consider the relocation factors in Section 5337(h) of the Act. **See** 23 Pa.C.S. § 5337(h); **see also C.R.F.**, 45 A.3d at 445.

Prior to entering an order awarding or modifying custody, "[d]ue process must be afforded to parents to safeguard" "the right to make decisions concerning the care, custody, and control of their child." **S.T. v. R.W.**, 192 A.3d 1155, 1160-61 (Pa. Super. 2018) (citations omitted). "Formal **notice and an opportunity to be heard** are fundamental components of due process when a person may be deprived in a legal proceeding of a liberty

---

[6] We note that our Legislature ~~recently~~ amended Section 5328(a) of the Act, effective August 13, 2024; and that, for "evidentiary proceedings [that] commence[] on or after the effective date of the Act, the provisions of the Act apply even if the request or petition for relief was filed prior to the effective date." **C.R.F. v. S.E.F.**, 45 A.3d 441, 445 (Pa. Super. 2012); **see also** 23 Pa.C.S. § 5328(a). Therefore, "it is the date of the commencement of the hearing that determines whether the Act applies, not the date the petition or complaint was filed." **C.R.F.**, 45 A.3d at 445.

interest, such as . . . **a parent's custody of her [or his] child**." ***Id.*** at 1161 (citations omitted and emphases in original); ***see also E.B. v. D.B.***, 209 A.3d 451, 466 (Pa. Super. 2019) (finding trial court abused discretion by entering interim custody order that altered "the status quo without notice and an opportunity to be heard . . . without any [] emergency or change in circumstances, [and] without any explanation as to why it was in [the] [c]Child's best interest"); ***cf. C.H.L v. W.D.L***, 214 A.3d 1272, 1283 (Pa. Super. 2019) (recognizing that "emergency situations" and "**interim** custody orders [pursuant to 23 Pa.C.S. § 5323(b)] are not the types of custody awards necessitating a . . . best interests analysis under Section 5328(a)" (emphasis in original)).

Here, the trial court explained:

On October 9, 2024, [the Superior] Court reversed [the trial court's March 4, 2024] order granting modification of custody and relocation and "remand[ed] for further proceedings." The Pennsylvania Superior Court[] . . . concluded its memorandum . . . with the following imperative: "We remand for the trial court to enter a new custody order consistent with this memorandum."

\*     \*     \*

On November 8, 2024, [the Superior] Court issued an order granting Father's emergency application for relief and directing [the trial] court to "comply with the directives set forth in this Court's Opinion filed on October 9, 2024." Accordingly, on November 14, 2024, [the trial court] issued an order restoring the parties' prior 2-2-3 shared custody arrangement and directing that Mother return to Pennsylvania with the Children by December 2, 2024.

\*     \*     \*

> Thus, [the trial court] entered [the] November 14, 2024 order on the basis of what [the trial court] perceived to be [the Superior] Court's mandate as set forth in its October 9, 2024 memorandum . . . and in its November 8, 2024 order.

Trial Ct. Op., 12/19/24, at 1, 3-4 (citations omitted some formatting altered).

In the October 9, 2024 memorandum, this Court explained that "the trial court's final analysis of relocation [was] at odds with its individual analyses of the ten relocation factors" and, accordingly, "the trial court's findings [were] not supported by the record." **Mahalik**, 2024 WL 4449485 at *12. Therefore, the previous panel reversed the custody order of March 4, 2024 and remanded for further proceedings. **See id.** at *12-14. This Court's disposition of that appeal placed the parties back in a position where Mother's relocation petition and Father's complaint for custody are still pending before the trial court. The previous panel declined to direct the trial court to issue a custody order denying Mother's relocation petition because it is not the role of this Court to make findings of fact or to reweigh the evidence. **See Smith**, 281 A.3d at 311; **Mahalik**, 2024 WL 4449485 at *12.

Accordingly, we vacate the November 14, 2024 order and remand with instructions. On remand, we instruct the trial court to hold an evidentiary hearing on Mother's relocation petition and Father's complaint for custody, which shall occur after this Court has remanded the record to the trial court. **See Harris**, 230 A.3d at 1127; **Stanton**, 915 A.2d at 672; Pa.R.A.P. 1701(a); Pa.R.A.P. 2591(a).

Order vacated. Case remanded for further proceedings consistent with this memorandum and this Court's memorandum of October 9, 2024. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2025